The State v. Herron.

---

THE STATE OF KANSAS v. S. S. HERRON.

No. 12,695. (67 Pac. 861.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Larceny—Evidence—Unexplained Possession of Stolen Goods.* While the personal and unexplained possession of recently stolen property is not to be treated as a conclusive presumption of guilt, it is *prima facie* evidence of the larceny of the property, and may be submitted to the jury as a question of fact from which guilt may be inferred.

2. ———— *Instructions—Presumption of Guilt.* An instruction herein examined, and it is *held*, that the court did not treat such

possession as conclusive presumption of guilt, but fairly left the question of guilt to be determined by the jury from such possession and the other facts in the case.

3. —— *Sale of Stolen Property—Inadequate Price.* The sale of stolen property by the accused at a grossly inadequate price is a fact which the jury may consider in determining his innocence or guilt.

Appeal from Graham district court ; CHAS. W. SMITH, judge. Opinion filed February 8, 1902. Affirmed.

*A. A. Godard,* attorney-general, *W. L. Sayers,* county attorney, and *H. J. Harwi,* for The State.

*C. W. Jones,* for appellant.

The opinion of the court was delivered by

JOHNSTON, J. : This was a prosecution for the larceny of a team of horses alleged to have been stolen by S. S. Herron. The accused had possession of the horses, and traveled from town to town through several counties making a number of efforts to dispose of them at an inadequate price, and he finally did sell them for about one-third of their actual value. That he had possession of them was admitted, but he claimed to have gotten them from a stranger—one of that class who are credited with selling stolen property, and cannot afterward be easily designated or located. He also claimed that he was not at the place from which they were taken at the time they were stolen. These defenses were unavailing, and, being found guilty, he was sentenced to imprisonment at hard labor for a term of three years.

The eighth instruction, to the effect that the personal and unexplained possession of recently stolen property is a circumstance from which the jury might infer guilt, is criticized. The objections made to it are that the court assumed the existence of disputed

facts, and made such possession a conclusive presumption of guilt. The instruction, which is very long, is not open to such an interpretation. The court did not treat the presumption as a conclusive one, nor intimate that as a matter of law the possession of recently stolen property warranted a conviction. On the other hand, it was treated as *prima facie* evidence of guilt which the jury might consider in determining the guilt of the defendant. In the same instruction he also advised them that, in determining the question of whether defendant's possession was honest, or otherwise, they ought to

"take all the facts and circumstances proven as to his connection with the property, his handling of it, whether open or otherwise, his attempts to dispose of it, and his disposition or attempted disposition of the property, together with the. circumstances surrounding its disposition, his going about under his own name or an assumed name, if you find such to be the fact, and all other facts and circumstances which may throw light upon the good faith of such possession."

Thus it will be seen that no attempt was made to limit the jury to the mere matter of possession or to exclude other pertinent facts and circumstances bearing upon the defendant's innocence or guilt. In this connection, it is also claimed that the court assumed that the defendant had given himself different names while he was in possession of the property, and it is said that there is no evidence that he went under an assumed name. In the first place, the court did not assume the fact that he passed under an assumed name, but left that question to the jury, and an examination of the record shows that there is sufficient proof to warrant a reference to the matter and a submission of the same to the jury.

Several other instructions are criticized, but we find

nothing substantial in the objections made to them, nor is there any error in the refusal of the instructions requested. The charge of the court fairly presented the case to the jury and satisfactorily covered the issues in the case as they arose upon the testimony.

Objection is next made to the admission of testimony as to the value of the team. It was competent proof, as the owner of property will not ordinarily sell it at a price much below its market value. The fact that it was offered and sold at a grossly inadequate price is one which the jury had a right to consider.

The striking out of the evidence of McKie is also assigned for error. He gave considerable testimony to the effect that the defendant traded a pair of ponies for the stolen horses and gave ten dollars to boot; but upon cross-examination it was disclosed that he had no personal knowledge of the transaction and had only learned it from the defendant. This hearsay testimony was properly excluded from the jury. So much of the testimony as to the negotiation or trade as was competent was allowed to stand or was subsequently admitted.

In our view, the case was fairly tried, and while the testimony is largely circumstantial, the possession of the property by the defendant, his going about under an assumed name, his conflicting statements while in possession and after his arrest, his attempts to sell and final sale of the property at a grossly inadequate price, and his inaccurate explanations of his possession after the arrest, and other criminating circumstances, furnish sufficient foundation for the verdict which was rendered.

The judgment of the district court will be affirmed.

CUNNINGHAM, GREENE, ELLIS, JJ., concurring.