No. 31,680

THE STATE OF KANSAS, *Appellee,* v. ALPHA VAN GILDER, *Appellant.*

(33 P. 2d 936.)

Opinion filed July 7, 1934.

*Harold N. Jordan,* of Beloit, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *William N. Tice,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Appellant was convicted of the crime of burglary by breaking and entering a drug store in the nighttime with intent to steal.

The facts, in brief, were these: One Schulz owned a drug store in a business building in Beloit. Its arrangement was in three parts —store room in front, storage room for merchandise in the center,

and another room and hallway in the rear. On the night of the alleged crime all doors were locked and a light was burning in the front windows of the store building. A narrow window on the south side was in the shadow and it supplied the only means of unobserved entrance in the nighttime. About 2 o'clock a. m. a witness heard the crashing of glass and reported the fact to the night watchman. The latter accompanied the witness to the drug store and discovered the broken window. The watchman went inside through the broken window and found the defendant crouched behind some stacks of merchandise. Outside the broken window a can of wax and a waxing machine were found, which apparently had come from the storeroom and which were not there when the watchman examined the premises a short time before these incidents occurred.

The principal defense was that defendant had been drinking heavily the preceding afternoon and evening, that he was intoxicated, and while he could not explain why he had gotten into the building in that irregular fashion and at that unseasonable hour he was too drunk to form an intention to steal.

The state adduced evidence which tended to show that when arrested the defendant's actions and conversation gave no indication that he was intoxicated—if that fact would have been any excuse for his crime, a matter not necessary at this time to be decided.

Defendant's first objection to the verdict and judgment is that his intent to steal was not established. We think the facts which were established—his breaking and entering the building at the unseasonable hour of 2 o'clock in the morning, and the finding of the wax and the waxing machine outside the broken window, and his effort to conceal himself from the watchman by crouching behind the piles of merchandise—fairly justified an inference that his intention was to steal. In *State v. McClurkin*, 122 Kan. 559, 252 Pac. 593, which was a burglary case, the evidential significance of the presence of the defendant at the place where the alleged crime was committed was considered. This court said:

"It was competent, of course, to show his presence at the garage when the alleged offense was committed, and the court would have been warranted in telling the jury that his proximity at the place about the time of its commission, together with other circumstances brought out in the evidence, might warrant an inference or a presumption that he participated in the crime. (16 C. J. 542.)" (p. 561.)

In the early case of *State v. Maxwell*, 42 Ia. 208, which was also

a case of burglary, the breaking and entering were not disputed, but it was contended that the intent to steal was not shown. The court held:

"The intent with which an act is committed is not of the nature to be established by direct proof, but may be derived from the facts and circumstances attending the act." (Syl. ¶ 2.)

In the recent case of *State v. Woodruff*, 208 Ia. 236, 239, the same rule, supported by authorities from many jurisdictions, is repeated. See, also, 2 Wharton's Criminal Law, 11th ed., § 1025; 9 C. J. 1080; 4 R. C. L. 430.

Appellant next contends that he was entitled to a directed verdict, but this is simply another mode of attack on the sufficiency of the evidence to prove his intent to steal. He cites the case of *State v. Riggs*, 74 Minn. 460, in which it was held that where defendant came to the door of a club from which he had been suspended, at a late hour in the evening in an intoxicated condition and with the avowed purpose of buying some whisky, and where his knocking on the door brought no response from an attendant inside, and defendant kicked a hole in the door and crawled through it into the club room, a majority of the supreme court held, quite reasonably we think, that the evidence was wholly insufficient to sustain a conviction of burglary. Appellant also cites the case of *State v. Mc-Clurkin*, 122 Kan. 559, 253 Pac. 592, but a careful study of that case will yield no comfort to appellant.

Some criticism of the instructions given and refused is offered in appellant's brief, but we discern nothing therein nor elsewhere in the record which approaches the gravity of prejudicial error, nor which would warrant further discussion.

The judgment is affirmed.