No. 44,288

STATE OF KANSAS, *Appellee*, v. WILLIAM T. PETERSON, a/k/a
JOSEPH DOUGLAS TAYLOR, *Appellant*.

(424 P. 2d 552)

Opinion filed March 4, 1967.

*James N. Snyder, Jr.*, of Leavenworth, argued the cause and was on the briefs for the appellant.

*Joseph J. Dawes, Jr.*, County Attorney, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from a conviction of burglary in the second degree and attempted burglary in the second degree. The defendant was sentenced as an habitual criminal and given concurrent sentences of 15 years on each count.

The defendant complains of lack of evidence to sustain the convictions. We summarize the facts.

On October 14, 1965, a deputy sheriff of Leavenworth County, Kansas became suspicious of the occupants of a 1956 black Pontiac convertible. The automobile had two white male occupants, carried a Missouri license plate and the occupants were observed scanning buildings at various places in the city of Leavenworth.

The automobile was kept under unobserved surveillance from 9:00 o'clock P. M. until 11:00 o'clock P. M. At the latter time the deputy sheriff left to check on a disturbance reported in the area. As he left he observed the automobile parked north of a D-X service station which was operated by Bert Pacey in connection with the Pacey's Motel. He observed that the occupants had left the automobile and that it contained no other noticeable objects. He was gone about ten minutes and while returning radioed an

undersheriff to check on the automobile. The undersheriff informed him that the automobile had been moved to the front of the motel office. The original occupants were again in the car.

The deputy sheriff turned out his lights and drove to about one-half block from the vicinity of the motel where he could observe the subjects. In about five minutes the occupants opened the front doors and left the automobile. The open doors disclosed that the back seat was full of some kind of clothing.

The two suspects were then observed by the undersheriff. They proceeded to the east side of the service station where the defendant got upon a barrel and broke a window. They did not enter but returned to the automobile and drove away. They were stopped and the clothing in the back of the automobile was later identified as blankets, mattress protector and bed spread from one of the rooms of the Pacey Motel. Arrest, prosecution, and conviction and sentence followed as previously noted.

The undisputed evidence placed the appellant at the scene of the crime. The unexplained possession of recently stolen property is *prima facie* evidence of guilt sufficient to warrant conviction. (*State v. Herron,* 64 Kan. 363, 67 Pac. 861; *State v. Bell,* 109 Kan. 767, 201 Pac. 1110; *State v. Brundige,* 114 Kan. 849, 220 Pac. 1039; *State v. Wood,* 118 Kan. 58, 233 Pac. 1029.) It is not the mere possession but the unexplained possession of stolen goods that warrants the inference of guilt. (*State v. McKinney,* 76 Kan. 419, 91 Pac. 1068; *State v. Gillespie,* 62 Kan. 469, 63 Pac. 742.) Appellant made no effort to explain how possession was obtained of the stolen goods found in the car.

Appellant also suggests the fact that he broke a window in the service station constituted malicious destruction of property but not attempted burglary.

We must conclude that when the breaking of the service station window is considered in connection with other suspicious conduct and surrounding circumstances there was ample evidence to go to the jury on the charge of attempted burglary in the second degree.

The appellant claims error because he was not furnished counsel at his preliminary hearing.

We adhere to our often repeated rule that under the provisions of K. S. A. 62-615 a person accused of a felony may be assisted by counsel at a preliminary hearing, but there is no statute requiring appointment of counsel, and, in the absence of such a statute, an accused has no constitutional right to counsel at such an exami-

nation. (*State v. Talbert*, 195 Kan. 149, 402 P. 2d 810 and cases cited therein.)

It is next contended:

"The Appellant was given no notice of the State's intention to invoke said [habitual criminal] act, his previous convictions were brought up after he had been found guilty and he was only given four days thereafter in which to answer said charges. . . ."

We find nothing to indicate that four days advance notice did not give the appellant ample time to prepare his defense under the habitual criminal act. The record fails to indicate any objection on this ground or any contention that more time would have enabled appellant to prepare a defense. (*State v. Crowe*, 196 Kan. 622, 624, 414 P. 2d 501; *Chance v. State*, 195 Kan. 711, 408 P. 2d 677; *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528.)

Appellant complains because the undersheriff, who was one of the key witnesses for the state, was also bailiff for the jury.

Although we do not condone the practice we do not see how the rights of the appellant were in any way prejudiced in this case. The statute, K. S. A. 62-1448, prohibits the bailiff from speaking or communicating with a juror except by order of the court. No objection was raised during the course of the trial or on motion for a new trial. In fact the appellant appears to have acquiesced in and approved the matter with full knowledge thereof. At the beginning of the trial the following colloquy took place:

"MR. POTTER: (Attorney for the Appellant) Your Honor, before we start the testimony, I would like to ask the Court for the right that the State's witnesses be separated during the testimony, and if Mr. Shaver [undersheriff and bailiff] is going to testify then I would ask that he be not present in the courtroom during the other testimony.

"MR. CHAPMAN: (Attorney for the Appellee) Is the request that they be excluded from the courtroom?

"MR. POTTER: Yes, it is, Your Honor.

"The Court: The Court will sustain the motion. We will ask anybody that is to be a witness to remain outside the courtroom.

"MR. CHAPMAN: Mr. Shaver is the bailiff, Your Honor. Is that all right that he stays outside the courtroom?

"The COURT: Yes."

It would appear that any possible error in permitting the witness to act as bailiff was intelligently waived.

A careful examination of the record discloses no trial error that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.