No. 45,662

State of Kansas, *Appellee,* v. Robert L. Bell, *Appellant.*

(469 P. 2d 448)

Opinion filed May 9, 1970.

*John C. Humpage,* of Humpage & Stewart, of Topeka, argued the cause and was on the brief for appellant.

*Harland K. Reiger,* Assistant County Attorney, argued the cause and *Kent Frizzell,* Attorney General, and *Gene M. Olander,* County Attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

Fromme, J.: Robert L. Bell was tried by a jury and convicted of the unlawful possession of a pistol after having been previously convicted of burglary. (K. S. A. 21-2611) He was sentenced to the penitentiary for a term of not less than fifteen (15) years under the provisions of K. S. A. 21-107a (the habitual criminal statute). Various specifications of error have been raised on this appeal.

The information originally filed in the district court charged defendant with the unlawful possession of a certain pistol after "having been previously convicted of grand larceny, forgery, and

burglary." A conviction of forgery is not one of those crimes speci-
fied in K. S. A. 21-2611 (the firearms statute) which makes posses-
sion of a pistol unlawful. The state on motion was permitted to
strike the word "forgery" from the information prior to arraignment.

The defendant claims error because of this deletion and contends
if the forgery conviction had remained in the information it would
have been used as an element of the crime charged and could not
have been used to invoke the habitual criminal statute. In support
of this contention he cites *State v. Ware*, 201 Kan. 563, 442 P. 2d 9.

The crime of forgery cannot be used as an element of the crime
charged. It is not one of those crimes listed in K. S. A. 21-2611.
It was mere surplusage in the information. In addition the deletion
occurred prior to arraignment. An information may be amended
in a matter of substance or form without leave of court at any
time before the defendant pleads. (K. S. A. 62-808) It was not
error to permit this amendment.

After arraignment and before trial the words "grand larceny"
were also deleted from the information and defendant asserts the
same claim of error with respect thereto.

This deletion occurred after the trial court had questioned the
parties as to the advisability of having more than one such crime
set forth in the information. The court stated:

". . . I think we have a problem here, at least the Court on its own
motion feels there is a problem, that if there is sufficient evidence and there
is no dispute that the defendant had been convicted of at least one felony
within the purview of the Statutes, then I think the Court would consider not
admitting any subsequent or other felonies because the only reason the jury
can hear about prior convictions is because it is an element of the crime
charged. . . . [A]t least I would feel to be prejudicial to the defendant
for the State to prove more than one felony. In other words, to show to the
jury that this man has had more than one felony, therefore he should be
punished regardless of the offense involved. . . ."

The state then advised court and counsel that if defendant would
admit and stipulate to the burglary conviction the grand larceny
conviction could be struck from the information. The attorneys
agreed to this procedure and the court specifically questioned the
defendant, Bell, about the matter. In response to the court's ques-
tions Bell stated he understood what was proposed and indicated
this was agreeable to him. He stated he understood this would
mean he was admitting that he had been previously convicted of
burglary as indicated by the journal entry before the court and that

the grand larceny charge would be deleted from the information. The grand larceny conviction was deleted from the information. The trial was held thereafter and defendant was convicted.

When the defendant and his attorney consent to amendment of the information after arraignment but before trial defendant cannot complain of the amendment on appeal. (*State v. Ward,* 198 Kan. 61, 65, 422 P. 2d 961; *State v. Allen,* 163 Kan. 374, 183 P. 2d 458.) The original information was valid on its face. The court had jurisdiction of the offense and the defendant. A deletion of surplus words from an information does not substantially change the nature of the charge when there is sufficient matter alleged to indicate the crime and the person charged. (See K. S. A. 62-1011 *Sixth.*)

The defendant next contends that the habitual criminal statute (K. S. A. 21-107a) may not be used to enhance the penalty provided for the unlawful possession of a pistol by K. S. A. 21-2611. This argument is based upon what the defendant says is the apparent intention of the legislature to make the possession of a pistol a felony punishable by imprisonment not to exceed five years when conviction is subsequent to convictions for one or all of the offenses enumerated in the firearms statute.

Although the latter statute was passed some twenty-eight years after the habitual criminal statute we cannot agree with defendant's contention. It is not apparent to us that the legislature intended partial repeal of the habitual criminal statute when it passed the firearms statute. Repeal by implication is not favored in this state. (*McCall v. Goode,* 168 Kan. 361, 212 P. 2d 209; *State v. Ricks,* 173 Kan. 660, 662, 250 P. 2d 773.) Somewhat similar arguments have been rejected in *State v. O'Connor,* 186 Kan. 718, 720, 353 P. 2d 214 and in *State v. Wood,* 190 Kan. 778, 792, 378 P. 2d 536. The case annotations appearing under K. S. A. 1969 Supp. 21-2611 list many cases decided by this court where convictions under the firearms statute have been upheld and the enhanced penalty provided by K. S. A. 21-107a has been approved. This contention of the defendant is without merit.

The defendant was first notified of the state's intention to invoke the habitual criminal statute on February 14. This was just prior to the court's order overruling the motion for a new trial. The sentencing proceedings were held on February 19 and 20. The defendant argues this did not afford him sufficient time and it denied him due process of law under the United States Constitution.

He does not point out why he needed more than five days which intervened to prepare his defense against these prior felony convictions.

The purpose of requiring notice to the defendant on invoking the habitual criminal statute is to afford defendant ample time to prepare his defense. When there is nothing in the record on appeal to show prejudice five days are sufficient and reasonable notice to the defendant. (*State v. Cruitt*, 200 Kan. 372, 379, 436 P. 2d 870.) A period of four days has been found ample to prepare such a defense. (*State v. Peterson*, 198 Kan. 239, 241, 424 P. 2d 552.)

Defendant further contends he was denied due process and equal protection of the laws because the notice was not served upon him until after he had filed a motion for new trial. He argues it was then too late to include the error in his motion for new trial and present it to the trial court.

Such argument might have merit if the procedure followed by the state precluded defendant from raising the question of error on appeal. However, under Rule No. 17 of the Rules of the Supreme Court (203 Kan. xxxiv) trial errors may be specified for review in a criminal appeal regardless of whether a motion for a new trial has been filed. It is no longer necessary to specify the order overruling a motion for new trial in the specifications of error to obtain a review of trial errors in a criminal appeal. The defendant was not denied due process or equal protection of the laws.

Defendant specifies error because the trial court overruled his motion to suppress a pistol from the evidence admitted at the trial. A summary of facts surrounding his arrest is necessary to determine this question.

A search warrant had been issued and was to be executed for a residence located at 2300 Adams Street, Topeka, Kansas. Officer DeMore was a member of the search warrant party and was stationed near the premises as a "stake-out" to notify others in the party when any person entered the premises. The defendant and a female companion drove up to the premises in a Mustang automobile. Officer DeMore immediately drove to where defendant had parked. Both the officer and the defendant got out of their automobiles. Officer DeMore held up his identification and said, "police officer". The defendant was out of his car and he withdrew from his pocket what appeared to the officer to be a pistol. Officer

DeMore drew his weapon and ordered defendant to drop the pistol. Defendant leaned back and dropped the pistol in the back seat of the Mustang automobile. The door of this automobile was open, the interior light was on and the gun was visible to the officer. Officer DeMore retrieved the gun from the back seat of the car. Defendant's female companion remained seated in the front seat of the car throughout the incident.

The motion to suppress the pistol was based upon defendant's contention the seizure of the pistol from the car without a search warrant was unreasonable and not incident to a lawful arrest.

We conclude that the pistol was properly retrieved from the automobile and admitted in evidence against the defendant. The officer had reasonable grounds to believe the defendant was dangerous when defendant drew the pistol from his pocket and dropped it in the back seat of the automobile occupied by his female companion. It was reasonable and necessary for the protection of the officer and others to take swift measures to recover the pistol from the automobile and neutralize the threat of harm which it posed. The officer restricted his seizure to the pistol and such seizure was reasonable under the Fourth Amendment to the Constitution of the United States and under Section 15 of the Bill of Rights of the Constitution of the state of Kansas. (*Terry v. Ohio*, 392 US 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868; *State v. Wood*, supra.)

In *State v. Robinson*, 203 Kan. 304, 307, 454 P. 2d 527 and *State v. Blood*, 190 Kan. 812, 378 P. 2d 548, the state and federal cases relating to search and seizure from an automobile are examined. We find no rule of law set forth in these cases, or in the cases cited by defendant, which prevent the seizure of the pistol under the circumstances of this case. The seizure was both reasonable and necessary under the exigencies. Seizure was dictated by the facts known to the officer in order to neutralize the threat of harm inherent in the situation. Since the pistol was legally seized it was admissible in evidence and defendant's motion to suppress was properly overruled.

Defendant's final contention is that the previous convictions for forgery and for child desertion obtained May 19, 1953, and for grand larceny obtained on May 3, 1947, were not two separate and distinct felonies for the purpose of enhancing sentence under K. S. A. 21-107a.

It should be noted that the conviction used as an element of the

principal crime was burglary. The record indicates the charge of grand larceny on which conviction was obtained May 3, 1947, arose at a different time and out of different circumstances from the burglary charge.

In *State v. Ricks*, supra, it was held the increased punishment for a second and third conviction of a felony, provided by the habitual criminal statute, is imposed as a disciplinary measure for those whom previous conviction and punishment have failed to reform. (See also *State v. Woodman*, 127 Kan. 166, 171, 272 Pac. 132.)

In *State v. Felton*, 194 Kan. 501, 506, 399 P. 2d 817, it was held a prior conviction used to enhance the penalty under the habitual criminal statute must precede the commission of the principal offense.

In *State v. Ware*, supra, it was stated a previous conviction relied on as a necessary element and ingredient in order to constitute the offense under the firearms statute may not be used and relied on to invoke the habitual criminal statute.

In *State v. Murray*, 200 Kan. 526, 530, 437 P. 2d 816, where two convictions grew out of the same act and were prosecuted in the same information, it was held only one of them could subsequently be utilized as a previous conviction within the purview of the habitual criminal statute.

See also 24 A. L. R. 2d 1262 where cases from other jurisdictions involving two or more convictions on the same day or term of court are discussed.

Under the rules laid down in *Ricks, Felton, Ware* and *Murray* the record before us shows two prior convictions at two separate times growing out of two separate acts. The first conviction was for grand larceny on May 3, 1947; the second conviction was for forgery and for child desertion on May 19, 1953. The record before us does not disclose the date of the prior conviction for burglary which was relied on as a necessary ingredient in order to constitute the offense under the firearms statute. However, it does appear this prior conviction for burglary arose at a different time and out of different circumstances from the other prior convictions.

The penalty imposed under the habitual criminal statute for a third conviction was proper in this case and defendant's sentence to the penitentiary for a term of not less than fifteen years is valid.

The judgment is affirmed.