Richard A. Euson Sedgwick County Counselor County Courthouse 525 North Main Street, Suite 359 Wichita, Kansas 67203-3790
Dear Mr. Euson:
You indicate that the Board of County Commissioners for Sedgwick County is considering consolidation of three of the County's elected offices, the register of deeds, the county treasurer and the county clerk. As part of the investigation into what form the new office or offices would take, you request our opinion on whether these elected county offices can be consolidated into one or more non-elected offices and whether the statutes that prohibit the same person from acting as both county clerk and county treasurer prevent consolidation of the clerk's and treasurer's offices.
The authority to consolidate the functions of a county treasurer into a new office, the holder of which would be appointed by the board of county commissioners, was the subject of Attorney General Opinion No. 88-5. That opinion discussed the legislative delegation of authority to counties to consolidate offices and to eliminate elective offices by consolidation pursuant to K.S.A. 12-3901 et seq., and concluded that the elective office of county treasurer may be eliminated and those duties assumed by an appointed official.
 "Subject to compliance with mandated procedures which include electorate approval, the governmental organization act permits the elimination of an elected office and the assumption of its duties by one or more offices or agencies. The elimination of the office and the assumption of its functions and duties by other entities must further efficiency or avoid duplication and must not be a sham elimination of an elected office done to avoid civil service or tenure requirements. When the county commission possesses authority to create and appoint a county office, the consolidation statutes permit duties of an eliminated elected office to be transferred to that appointive office. K.S.A. 12-3906 may, however, allow other state agencies affected by the consolidation to place independent requirements on such delegations."[1]
K.S.A. 12-3903 sets out the procedure a county commission must follow in consolidating offices and requires a determination by the county commission that "duplication exists in the operations, procedures or functions . . . of the offices . . . or that the operations, procedures or functions . . . of the offices . . . can be more efficiently and effectively exercised or provided as a consolidated activity performed by a single office. . . ." The statute further requires that before any elective office is eliminated, the commissioners hold a public hearing and a majority of the electors of the county approve the elimination. In addition, K.S.A. 12-3906 requires the county to submit any consolidation proceeding that affects functions or services over which an officer or agency of the state government has constitutional or statutory powers of control to the state officer or agency for approval.
After a review of the consolidation provisions and Attorney General Opinion No. 88-5, it is our opinion that the offices of register of deeds, county clerk and county treasurer may be consolidated into non-elected offices; however we must address your second question to determine if the offices of county clerk and county treasurer may be consolidated into one office.
When the Legislature passed the act organizing county offices in 1868,[2] it included three prohibitions against the same person functioning as county clerk and county treasurer. Those statutory prohibitions still remain as enacted in 1868.[3] These statutes create a potential conflict with the more recently enacted consolidation statutes that allow consolidation of "any of the offices or agencies" of a county.[4] Under a well-established rule of statutory construction it is presumed that the Legislature acts with knowledge about prior and existing law.[5] Also, repeal by implication is not favored unless the conflict is so irreconcilable that the statutes cannot both be given force and effect.[6]
The Legislature of 1868 determined that it was detrimental to the public welfare to have one person fill the two offices of county clerk and county treasurer. We have no recorded history of the reasons for this prohibition, and therefore can only guess that it was included to provide checks and balances between the duties of the clerk and the treasurer. The Legislature of 1974 delegated to county commissions the authority to reorganize county offices upon determining that combining or consolidating certain offices would avoid duplication or that the operations of the offices would be more efficiently and effectively provided as a consolidated office. Reading the act of 1868 together with the act of 1974, it appears that the more recent enactment provides an alternative to the 1868 act for the organization of county offices. The three statutes prohibiting the same person from serving as county clerk and county treasurer still apply to the offices of county clerk and county treasurer created in 1868 and currently found in Chapter 19 of the Kansas Statutes Annotated. However, if those offices are eliminated by consolidation pursuant to K.S.A. 12-3901 et seq., the prohibition would not apply because the separate offices of county clerk and county treasurer would no longer exist. It is impossible to determine with certainty the applicability of the prohibition to the consolidation of the offices of county clerk and county treasurer without having a specific consolidation proposal before us, however, in our opinion the prohibition should not act as a limitation to consolidation under K.S.A.12-3901 et seq. provided the county commission complies with all requirements of the act.
In conclusion, the elected offices of register of deeds, county treasurer and county clerk can be consolidated into one or more non-elected offices pursuant to K.S.A. 12-3901 et seq. The provisions of K.S.A. 19-302, 19-505 and 19-512 that prohibit the same person from acting as county clerk and county treasurer do not prevent a county commission from consolidating those offices provided the commission complies with all requirements of K.S.A. 12-3901 et seq.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] Attorney General Opinion No. 88-5.
[2] G.S. 1868, Ch. 25.
[3] See K.S.A. 19-302 ("The county or deputy county clerk shall in no case act as a county treasurer or as the treasurer's deputy"); K.S.A.19-505 ("No person holding the office of . . . county clerk . . . shall hold the office of county treasurer"); K.S.A. 19-512 ("The county treasurer shall in no case act as county clerk, or as his deputy").
[4] K.S.A. 12-3903(a).
[5] State v. Martinez, 255 Kan. 464, 473 (1994); Szoboszlay v.Glessner, 233 Kan. 475, 480 (1983).
[6] State v. Roderick, 259 Kan. 107, 111 (1996); State v. Bell,205 Kan. 380, 382 (1970).