No. 23,290.

THE STATE OF KANSAS, *Appellee*, v. DAN BELL, *Appellant*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Larceny of Automobile* — *Evidence.* The evidence tending to establish the guilt of a defendant charged with the theft of an automobile examined, and held to justify the overruling of defendant's demurrer to the state's evidence.

2. SAME — *Evidence* — *Possession of Stolen Automobile.* The evidence which tended to show that the car had been in the possession of the defendant shortly after it was stolen until he delivered it to a confederate to be sold, examined, and held sufficient to prove the fact of such possession although no eyewitness thereto was produced by the state.

3. SAME—*Evidence—Dies for Altering Numbers of Engine Competent.* Where the numbers on an automobile engine of a stolen car are altered after the theft, it is admissible in evidence to show that dies for altering such engine numbers had been seen at the home of the defendant.

4. SAME—*Larceny of Automobile—No Error in Rulings on Evidence.* Error cannot ordinarily be predicated by a defendant in a criminal case on the admission of evidence to which he makes timely objection, when his objection is promptly sustained and the jury is directed to disregard such evidence.

5. SAME—*Larceny—Possession of Stolen Automobile—Instructions.* The instructions touching the evidential significance attaching to the possession of recently stolen property examined, and held to be a correct statement of pertinent law.

6. SAME—*Larceny of Automobile—Defendants Recent Possession—Burden of Proof.* When the state has established a *prima facie* case against a defendant charged with larceny, and a part of the state's case is the proof of defendant's recent possession of the stolen property, the defendant is under the necessity of combating that *prima facie* case by a reasonable and creditable explanation of his possession of the property consistent with his innocence, and his failure to make such explanation subjects him to the risk of conviction.

7. SAME—*Larceny of Automobile—Instructions Relating to Defendant's Possession.* Where possession of a stolen automobile had to be established by the circumstances shown in evidence, the trial court correctly instructed the jury that "possession . . . does not require that the defendant be actually or physically in said automobile nor that he have hold of it, but does mean the exercise of dominion or control over said automobile to the exclusion of the owner, with such proximity to the said automobile as renders it possible to physically and actually possess it."

Appeal from Smith district court; WILLIAM R. MITCHELL, judge. Opinion filed November 12, 1921. Affirmed.

*A. W. Relihan, T. D. Relihan,* both of Smith Center, and *N. C. Else,* of Osborne, for the appellant.

*Richard J. Hopkins,* attorney-general, and *Miles Elson,* county attorney, for the appellee; *R. W. Turner,* and *D. F. Stanley,* both of Mankato, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The defendant was convicted of grand larceny for the theft of a Ford automobile.

· The state's evidence, in brief, disclosed that the car in question belonged to Guy Chase, a resident of Smith county. Chase and his family attended a show in Smith Center one evening in September, 1919, leaving their car nearby. After the show their car was missing. The defendant, Dan Bell, and one Parsons who had previously discussed the possibilities of the business of dealing in stolen automobiles, met some time after the theft of the Chase car, and defendant told Parsons that he had a car for him.

"Q. What was that conversation? A. Well, he told me he had a car for me.

"Q. Did he tell you where this car was? A. Yes, sir.

"Q. Well, go ahead and state what he said about it. State fully. A. This car was near or at the home of his mother."

Parsons and Bell went to the farmhouse of Bell's mother some ten miles from town. They carried with them a can of paint procured at Bell's home in Smith Center. After supper Bell left the house and a few minutes later Parsons heard a motor running and walked out and met Bell coming from its direction. Bell said to him: "Your car is ready." The car was sitting out in the road about a hundred yards from the house. Parsons found the engine running, and the paint which they had carried from Bell's house in Smith Center was in the car. Parsons drove the car to Glade (in Phillips county) where he stopped and painted it. Then he drove it to a place near Jennings (in Decatur county) where he traded it to a man named Hahn for a Liberty bond, a motorcycle, and a check for $125. Parsons left the motorcycle with an acquaintance near Lenora, and deposited the check in a

bank in Oronoque with instructions to the banker to pay the proceeds to "Charles Smith." Parsons then returned to Smith county and told Bell what he had done with the car; and some days later he and Bell drove out to Oronoque and Bell called at the bank,. representing himself to be "Charles Smith"; and the proceeds of the check were paid to him. Parsons and Bell then went to Lenora and got the motorcycle and put it in their car and drove to Norton where they tried to dispose of it. Failing in that, they carried it home with them to Smith Center. Another significant incident was the fact that another Ford car belonging to a man named Coleman, of Downs, had been stolen about the same time as the Chase car, and this Coleman car was proved to have been in Bell's possession. The tires and top of the Coleman car were on the Chase car at the time it was made ready by Bell for Parsons' run with it to Glade and Jennings, and the tires of the Chase car were on the Coleman car when the latter car was in defendant's possession.

The first specification of error relates to the overruling of defendant's demurrer to the state's evidence. In view of the foregoing brief summary of the evidence, that contention cannot be sustained. It is argued that there is no evidence that Bell stole the car or that he was aware of its theft for some days after it was stolen. Bell's guilt was proved in the common and usual way that the guilt of most thieves is established —by showing the fact of the theft of the car and showing it to have been in his possession shortly after it was stolen, with no satisfactory explanation of such possession forthcoming from Bell consistent with innocence on his part. (*The State v. White*, 76 Kan. 654, 92 Pac. 829.)

It is urged, however, that the state did not prove that Bell ever had possession of the Chase car. It is true that no witness *saw* Bell in possession of the car, but it was shown that shortly before the theft he was disposed to consider the business of dealing in stolen cars; the car was stolen; a few days later the car had the tires and top of another stolen car which had been in Bell's possession; it was first seen after its disappearance in front of Bell's mother's house where Parsons had come to get it pursuant to Bell's statement that he had a car ready for Parsons. It was found with the paint fur-

nished by Bell to disguise it. It was made ready by Bell to be driven away and disguised and disposed of by Parsons. Under such circumstances a jury would be dull or derelict if they failed to discern the fact of Bell's possession of the car.

It is next urged that error was committed in permitting a witness to testify that at the home of Bell there were dies suitable for cutting or altering the numbers on automobile engines. The numbers on the Chase car were altered after it was stolen; and this testimony, while perhaps of slight probative value standing alone, was competent and admissible. (1 Wigmore on Evidence, § 149.)

Complaint is also made of the admission of the testimony of Parsons touching the conversations he had with Bell relative to the business of buying stolen cars in Kansas City, Mo., and trading or selling them out in western Kansas. Whether or not the trial court ruled altogether correctly on this matter, the defendant is in no position to complain, because defendant's objection thereto was sustained, and the trial court directed the jury to disregard this phase of the evidence. (*Griffith v. Railroad Co.*, 100 Kan. 500, 506, 166 Pac. 467.)

Fault is found with the trial court's instruction:

"9. The possession of property proved to have been recently stolen is usually regarded in law as a criminating circumstance, tending to show that the possessor stole the property and as sufficient evidence upon which a conviction may be founded, unless the facts and circumstances surrounding and connected with such possession are such as to produce in your mind a reasonable doubt as to whether or not the property might have been acquired honestly or through mistake. But this rule only pertains when such possession is in such person, or exclusively in the common possession of such person and others."

But this instruction must be read in connection with another also given by the court:

"10. When recently stolen property is found in the possession of another, still if the attending circumstances, or from any explanation made, or in view of the evidence or from the lack of evidence, if any, there remains a reasonable doubt as to whether or not such person stole the property, he should not be convicted."

Appellant contends that these instructions erroneously shifted the burden of proof by requiring him to show that he came rightfully into the possession of the property. His counsel say, "We do not think that the court can at any stage

of the trial of a criminal case shift the burden of proof to the defendant." It is of course correct that the *court* cannot shift the burden of proof to the defendant in a criminal case, but when the state has established a complete *prima facie* case against him, the defendant is under the necessity of combating that *prima facie* case or of incurring the risk of conviction. He can take his choice. If this be properly characterized as a shifting of the burden of proof, it arises from the stern necessities of defendant's predicament and not because of any arbitrary rule of law imposed on him.

In *The State v. Cassady,* 12 Kan. 550, it was said:

"The possession of stolen property, recently after it is stolen, is *prima facie* evidence of guilt, and throws upon the possessor the burden of explaining such possession, and if unexplained *may be* sufficient of itself to warrant a conviction." (Syl. ¶ 5.)

(See, also, *The State v. McKinney,* 76 Kan. 419, 91 Pac. 1068; *The State v. White,* 76 Kan. 654, 664, 92 Pac. 829; *The State v. Jewell,* 88 Kan. 130, 127 Pac. 608; *The State v. Rice,* 93 Kan. 589, 144 Pac. 1016; 4 Wigmore on Evidence, §§ 2485-2513.)

Complaint is also made of the trial court's instruction touching the matter of possession of the car by defendant. The instruction reads:

"11. Possession as used in these instructions does not require that the defendant be actually or physically in said automobile nor that he have hold of it, but does mean the exercise of dominion or control over said automobile to the exclusion of the owner, with such proximity to the said automobile as renders it possible to physically and actually possess it."

The evidence touching Bell's possession was established, if at all, by the facts and circumstances narrated above, and fully warranted the giving of this instruction, and it was a correct statement of pertinent law.

The other matters urged for defendant have been carefully noted, but nothing of merit or requiring further discussion can be discerned in this appeal. The record contains no error, and the judgment is affirmed.