No. 45,216

THE STATE OF KANSAS, *Appellee*, v. ASBERRY WALKER, *Appellant*.

(449 P. 2d 515)

Opinion filed January 25, 1969.

*Donald L. Gottschalk,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Richard J. Rome,* county attorney, argued the cause, and *Robert C. Londerholm,* attorney general, *Raymond F. Berkley* and *Kerry J. Granger,* assistant county attorneys, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Appellant was convicted by a jury of the offense of burglary in the second degree. Five previous felony convictions being shown, he was sentenced to imprisonment for a term of fifteen years to life. He appeals from that judgment and sentence.

Appellant has been represented at all stages of this proceeding

by court-appointed counsel. His first specification of error pertains to appointment of the attorney who represented him at trial level.

By way of background we should state that in Reno county, as well as in many of our counties, it has been customary for a judge of the judicial district to appoint attorneys to represent indigent accused at proceedings in magistrate court. This was done in appellant's case. On February 26, 1967, the following occurred in district court:

"THE COURT: You are Asberry Walker?

"THE DEFENDANT: Yes.

"THE COURT: What is your age, Mr. Walker?

"THE DEFENDANT: Thirty-six.

"THE COURT: On February the 21st you were before the Court and you asked me to appoint counsel to assist you in your defense of this case which has been brought against you by the State charging you with breaking and entering a dwelling house in the nighttime, do you recall that?

"THE DEFENDANT: Yes.

"THE COURT: At that time I appointed Mr. Aubrey Earhart to represent you.

"THE DEFENDANT: Yes.

"THE COURT: Mr. Earhart has been to see you, is that true?

"THE DEFENDANT: Yes.

"THE COURT: And he tells me that you have some objection to him representing you, is that true?

"THE DEFENDANT: Yes.

"THE COURT: What is your trouble?

"THE DEFENDANT: Well, it seems like his impression is that I am guilty and he doesn't want to give me proper defense in this case, and I feel I should have at least someone who will try to help me.

"THE COURT: I might tell you, Mr. Walker, that Mr. Earhart has been a member of this bar for twenty years and is a good, experienced attorney, and it is not for you to pick and choose, and I am making Mr. Earhart available to you if you want to use his services. He is competent, and you are not going to pick and choose among the bar, do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: He will be available for you at your preliminary hearing, and if you desire to use his services you will be permitted to do so. We can't force you to use an attorney's services; however, we do make them available to you and we have made them available to you and Mr. Earhart will be able to advise with you prior to the preliminary hearing.

"THE DEFENDANT: In other words, I have to take him or none at all.

"THE COURT: That is about right.

"MR. EARHART: Do you want me?

"THE DEFENDANT: Like you were talking to me awhile ago, I don't want to talk to you.

"THE COURT: Do you want to talk to Mr. Earhart?
"THE DEFENDANT: I will sit and listen to him.
"MR. EARHART: I will be up this afternoon.
"THE COURT: That will be all."

Thereafter, on February 28, 1967, preliminary hearing was held. Trial in district court commenced June 5, 1967, and was concluded by sentencing on June 26, 1967, with Mr. Earhart acting as appellant's attorney throughout. The matter of his appointment or representation was not alluded to or brought to the attention of the trial court in any way after the February 26th proceeding.

Appellant now asserts "The trial court erred in requiring the defendant to accept counsel appointed by the court after having been advised by the defendant that counsel was not interested in his case and that counsel thought the defendant was guilty."

Appellant's charge of error is directed only at the court's action of February 26, 1967, reflected in the proceedings quoted. He does not contend the attorney was unfaithful or derelict in the discharge of any duty to appellant and he does not charge incompetent service. The record does not disclose any such dereliction, either at preliminary examination or in the attorney's subsequent representation. Appellant argues that at the February 26th hearing he was dissatisfied with Mr. Earhart but, on the other hand, he did not want to be without counsel. We think his statement at that hearing can fairly be interpreted as a request for the services of another attorney.

Did the court err in its ruling? There can be no question, of course, as to entitlement to counsel. The nature of the right was recently discussed in *Ray v. State*, 202 Kan. 144, 446 P. 2d 762, in which this court stated the right is not a matter of mere form, but one of substance; that it contemplates the guidance of a responsible, capable lawyer devoted to his client's interests.

This right, however, is not wholly unrestrained. An indigent defendant may not compel the court to appoint such counsel as defendant may choose. Such appointment lies within the sound discretion of the trial court (*Tibbett v. Hand*, 294 F. 2d 68 [C. A. 10]). Likewise, whether the dissatisfaction of an indigent accused with his court-appointed counsel warrants discharge of that counsel and appointment of new counsel is for the trial court, in its dis-

cretion, to decide. (*United States v. Burkeen,* 335 F. 2d 241 [C. A. 6]). Here appellant gave as his reason for dissatisfaction his counsel's "impression" that he was guilty and that counsel didn't want to give him "proper defense." The matter was not further elaborated at this proceeding, which occurred prior to preliminary examination, and was not raised upon counsel's reappointment to represent appellant in the trial in district court, or at any time thereafter until this appeal. From the showing made we cannot discern the nature of any disagreement between appellant and his counsel. Counsel made no request to be relieved of the appointment, as professional integrity would have required in the event of serious disagreement in the conduct of the defense. Under the circumstances shown we find no abuse of discretion in the trial court's ruling of February 26th. Appellant did not plead guilty (as conceivably his attorney may have suggested), he pleaded not guilty and was afforded a defense by his counsel which so far as we can tell was adequate, though unsuccessful. We find nothing in the record from which it can be said the ruling complained of substantially prejudiced appellant's rights.

We briefly narrate the evidence offered at trial. For the state it was shown that a home eight miles southwest of Hutchinson, in Reno county, was burglarized on November 4, 1966, between the hours of 7:30 p. m. and 10:30 p. m. Certain cooking utensils and wrapped packages of dimes were stolen. On November 29, 1966, pursuant to a search warrant, police officers found some of the stolen utensils and the wrapped dimes at appellant's apartment in Newton, Harvey county, Kansas. Also pursuant to search warrant executed on the same day, a butcher knife, likewise identified as taken at the time of the burglary, was found at the home of appellant's aunt in Newton. Appellant's aunt stated she had received the knife from appellant.

Appellant did not testify but on his behalf his aunt testified that on November 4, 1966, (the night of the burglary) she was in appellant's company; she and appellant left Newton in his car at about 7:00 p. m. and went to Wichita to check on some drapes which had been advertised for sale; they stopped for coffee at a Wichita cafe going and coming and returned to Newton about 10:30 p. m.; she never mentioned this trip when she talked to the investigating officers or at the preliminary hearing because no one asked her; she further testified that on November 8, 1966, she was

at the same cafe in company with appellant; that a person named Ronald Lowrey came in and told appellant he had some cookware and other things he had bought at a garage sale which he wanted appellant to keep for him because appellant had a bigger apartment that he did; she knew that later certain utensils were at appellant's apartment.

Appellant contends the trial court erred in receiving in evidence the items seized at appellant's apartment because the warrants were not constitutionally specific as to the premises to be searched or the property to be seized. As to the latter, the affidavit for the search warrant and the search warrant described the property to be seized as "cooking utensils," which we think was sufficient. Other articles of personal property were mentioned in the search warrant. In this connection we note the definite indication in the record that appellant was suspected of committing other burglaries in which recovery of stolen property was also being sought.

The affidavit and the warrant for the search of appellant's apartment described the premises to be searched as "118 S. Kansas Avenue, Newton, Kansas," without mention of appellant's name. Appellant contends this description was impermissibly overbroad because the property at 118 South Kansas Avenue was a four-family apartment building. The state does not concede the truth of this statement but responds the record upon appeal is barren of any evidence the address in question was in fact a multiple family dwelling and we find no such evidence. At trial level the search warrants were not challenged in any way. Consequently, the record contains little pertaining to their issuance and execution.

The search warrant for appellant's apartment was regular on its face and its validity will be presumed (*State v. Emory*, 193 Kan. 52, 391 P. 2d 1013). We will not consider an issue upon appeal where its existence depends upon facts which do not appear in the record as submitted to us (see 4 Am. Jur. 2d, Appeal and Error, § 491).

Appellant complains the items seized by the officers should not have been received in evidence because the seizing officers did not immediately place their identifying mark on the objects. The point is frivolous. From the time of seizure the officers kept the items in their continuous custody inside their locked sheriff's automobile until they were marked the following day and deposited in the evidence locker at Hutchinson. The items were identified as property taken in the burglary. Proper foundation for their reception in evidence was shown.

Appellant asserts insufficiency of evidence to convict him, arguing mere possession of recently stolen goods is not enough when accompanied by such a reasonable explanation as he offered. In *State v. Rice*, 93 Kan. 589, 144 Pac. 1016, the defendant was convicted of burglary. In denying his appeal this court said:

"The first contention is that the possession of recently stolen goods without other criminating circumstances showing guilt is insufficient as a matter of law to sustain a conviction of burglary. It is insisted that in the present case there are no criminating circumstances indicating guilt, and nothing in the evidence to connect appellant with the crime, save and except the possession of the goods; that his explanation, which the jury rejected, even if unsatisfactory, could not put him in a worse position than no explanation at all. The authorities cited by the appellant hardly sustain his contention. In fact, they are in accord with the well-settled rule that the possession by the accused of property recently stolen on the occasion of a burglary is sufficient to sustain a conviction of burglary where a satisfactory explanation is not given. . . . [p. 591]

"Other authorities cited by counsel go no further than to hold that whether or not the explanation is a reasonable one is a question for the jury to determine." (p. 592.)

After discussing the arguments and authorities presented the court continued:

"The precise question is whether the recent possession of property stolen in a burglary, together with criminating circumstances, including the failure of the appellant to make a satisfactory explanation of his possession of the property, is sufficient to sustain a conviction. In our opinion the great weight of authority as well as of sound reason supports the rule that the possession of the accused of recently stolen property is sufficient to sustain a conviction of burglary where satisfactory explanation is not given." (pp. 593, 594.)

This court has consistently adhered to this rule (see *State v. Peterson*, 198 Kan. 239, 424 P. 2d 552).

Here, there was evidence of the breaking and the theft of property from its owner, its identification as such, and its recent possession by appellant. Unfortunately for him, the jury rejected his explanation for his possession, as it was entitled to do, and this is sufficient to sustain the conviction.

Appellant next complains the trial court did not give the jury a specific instruction on the defense of alibi. Although appellant did not furnish the advance statutory notice of intention to prove an alibi (K. S. A. 62-1341) he was permitted to offer this character of evidence through his aunt. At trial no request was made for any instruction touching upon the defense of alibi. General instructions were given. Appellant's evidence offered to establish his presence

elsewhere than at the scene of the crime during the time it had to be committed was simple and easily understandable, and we think he suffered no prejudice in the failure to give a more specific instruction thereon. The applicable rule is found in *State v. Mc-Kimson*, 119 Kan. 658, 240 Pac. 567, as follows:

"An omission to give a special instruction concerning the defense of alibi where none was requested by the defendant is not a ground for reversal where full general instructions covering the law of the case were given." (Syl. ¶ 3.)

Finally, appellant contends he was improperly sentenced under the habitual criminal act because there was no showing the previous convictions offered by the state at the time of his sentencing were in fact convictions of felony. The contention is without merit. The convictions were evidenced by authenticated records thereof, two in the United States District Court for the Northern District of Mississippi, and three in the circuit court of the first judicial district of Heins county, Mississippi. The federal convictions were for unlawful entry of a banking institution insured by the Federal Deposit Insurance Corporation, and the state convictions were for burglary and larceny, all of which, under applicable law, were felonies.

The judgment and sentence are affirmed.

APPROVED BY THE COURT.