No. 45,578

STATE OF KANSAS, *Appellee,* v. DAVID THOMAS KOWALEC, *Appellant.*

(468 P. 2d 221)

Opinion filed April 11, 1970.

*David H. Neighbor,* of Overland Park, argued the cause and was on the brief for the appellant.

*Gerald E. Williams,* Assistant County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *James W. Bouska,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, C. J.: This appeal is from a conviction of burglary in the second degree and larceny in connection therewith as defined by K. S. A. 21-524.

On September 24, 1967, the Bowen residence in Leawood was broken into. Several items were stolen—among them being a zircon ring belonging to Mrs. Bowen and a "Kennedy" half-dollar in a plastic case with the words "Grand Avenue Bank" engraved on the case. The burglary and theft were reported to the police.

On the evening of September 26 defendant, David Thomas Kowalec, was apprehended by the Leawood police for speeding. Being a nonresident he was directed to drive to the police station to post bond. His driver's license was in the name of David "Ramsey". He was recognized by the officers as having a police record. While he was inside the station making arrangements for bond one of the officers went outside to tell the two passengers in defendant's car that they could come inside and wait until bond was posted. As the male passenger got out of the car the officer saw him drop a handkerchief over an object on the floor of the car. With the aid of his flashlight the officer observed a portion of the car's interior and saw on the floor a pair of gloves, flashlight, a screw driver, pry-bar, ice pick, and the barrel of a gun. Having knowledge of defendant's police record, the officer went back into the station and placed him under arrest for possession of burglary tools. He was then given the "Miranda warning". With defendant's permission—the car was searched. A zircon ring and air pistol were found in the right from seat. A search of defendant's person yielded the plastic case containing the half-dollar. Mrs. Bowen was contacted, and she identified the ring and plastic case. Defendant was taken to the county jail and, as stated, was charged and convicted of burglary and larceny. Throughout his trial he was represented, under court appointment, by Mr. Lawrence G. Zukel, a member of the Johnson county bar. Following the denial of a motion for a new trial counsel was permitted to withdraw, and Mr. David H. Neighbor, a member of the Johnson county bar, was appointed to conduct this appeal.

Five contentions are urged.

The first is that the court erred in admitting into evidence authenticated copies of two prior convictions of defendant in Jackson county, Missouri, they being for "Stealing Over Fifty Dollars" (1967) and "Burglary Second Degree and Stealing" (1961). At the time they were admitted in evidence the objection was that such evidence was "immaterial, irrelevant and prejudicial and unconstitutional". It now is argued this evidence of prior convictions

was admitted without a proper foundation being laid—although it was not and is not now contended that defendant is not the person shown in the two prior convictions.

The contention is without merit. Under K. S. A. 60-455 evidence of the prior convictions was admissible as being relevant and tending to show motive, opportunity, intent, preparation, plan, and inclination to commit similar related offenses (*State v. Lewis,* 195 Kan. 389, 405 P. 2d 796, and *State v. Mader,* 196 Kan. 469, 412 P. 2d 1001).

It next is contended the items found in defendant's car were the fruits of an illegal search and seizure and therefore erroneously admitted in evidence.

A short answer to this is that the record shows defendant consented to the search. When being questioned about the matter the police officer testified that defendant "volunteered to have his car searched, in fact, volunteered to break into the trunk of his vehicle for us." Having consented to the search, defendant may not now be heard to complain. The contention is without merit.

It is contended that defendant's motion to dismiss should have been sustained on the grounds the evidence failed to prove the identity of the items in question, failed to prove their value as over fifty dollars, and failed to establish that defendant was in exclusive possession of the ring.

This contention likewise is without merit. Mrs. Bowen identified the zircon ring as being hers. The value of property stolen in a burglary is immaterial (*State v. Long,* 148 Kan. 47, 79 P. 2d 837 and *Peay v. Hand,* 184 Kan. 182, 334 P. 2d 369). The ring was found in defendant's car and the plastic case containing the coin was found on his person.

Next, it is contended the court erred in refusing a requested instruction relating to the possibility of human error or mistake in identifying property. Only three instructions are included in the record, and for all we know the matter was adequately covered in other instructions. Complaint is made of instruction No. 15 in which the jury was told that possession by a defendant of property recently stolen in a burglary is sufficient to sustain a conviction of burglary and larceny where satisfactory explanation of such possession is not given, and it is argued that such "presumption of guilt" thus in effect requires a defendant to take the stand in violation of his constitutional right to remain silent. The contention that such

an instruction—as a practical matter—"shifts the burden of proof" to a defendant, was dealt with in *The State v. Bell,* 109 Kan. 767, 770, 771, 201 Pac. 1110. Also see *State v. Jenkins,* 197 Kan. 651, 421 P. 2d 33; *State v. Yates,* 202 Kan. 406, 412, 449 P. 2d 575; *State v. Walker,* 202 Kan. 475, 480, 449 P. 2d 515, and *State v. Brown,* 203 Kan. 884, 457 P. 2d 130. The contention is without merit.

Defendant complains of instruction No. 16 in which the jury was told that the evidence as to other offenses was not to be considered as evidence of guilt but was to be considered only on the question of showing motive, opportunity, intent, preparation, plan and knowledge. The instruction was properly given (*State v. Mader,* above).

Complaint also is made of instruction No. 18 in which the jury was told that a defendant may or may not testify in his own behalf—as he so desires—and that his failure to testify must not be construed as a circumstance against him. It is argued that the giving of the instruction served to focus attention on the fact defendant did not testify. The giving of the instruction was not erroneous, and it was a correct statement of the law (K. S. A. 62-1420, *The State v. Olsen,* 88 Kan. 136, 127 Pac. 625, and *State v. McCoy,* 160 Kan. 150, 161, 160 P. 2d 238).

Finally, it is argued a mistrial should have been granted because of a remark by the county attorney in his opening statement to the effect the state's evidence would show that at the time of defendant's arrest the police officer knew him to be a convicted felon. Defendant's objection to the remark was sustained and the jury was admonished to disregard it. During the trial the state was permitted to show the two prior convictions, and the jury was properly instructed as to the limited purpose for which such evidence was admitted.

We find no prejudicial error and the judgment is affirmed.