No. 45,574

THE STATE OF KANSAS, *Appellee*, v. ELMER HARDYWAY, JR., *Appellant*.

(468 P. 2d 116)

Opinion filed April 11, 1970.

*Dennis E. Shay*, of Wichita, argued the cause, and *Stephen K. Lester*, of Wichita, was on the brief for the appellant.

*James Z. Hernandez*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Defendant appeals from his conviction of the offenses of burglary in the second degree and grand larceny. Allegedly a number of suede and leather coats were stolen in the burglary of a cleaning shop.

Defendant's complaints on appeal center upon an instruction to the jury to the effect that possession by an accused of property recently stolen in a burglary is sufficient to sustain a conviction of burglary and larceny where satisfactory explanation is not given. The instruction given was similar to that sustained against attack on other grounds in *State v. Brown*, 203 Kan. 884, 457 P. 2d 130, and it correctly embodies our law (*State v. Walker*, 202 Kan. 475, 449 P. 2d 515).

The parties agree the other instructions given the jury, which have not been abstracted here, correctly stated the law as to defendant's presumption of innocence and the state's burden of proof to prove guilt beyond a reasonable doubt. Sometimes a

single instruction isolated from the context of the other instructions given may be subject to criticism, yet when all the instructions are taken as a whole, as they must be, the law is correctly stated. The instruction given here did not, as contended, have the effect of shifting the burden of proof upon the defendant (*State v. Bell*, 109 Kan. 767, 771, 201 Pac. 1110).

Defendant argues the instruction was inappropriate because under the evidence someone else could also have been inferred to be guilty of the offense. Despite the possible involvement of any other individual, the finger of guilt pointed squarely at defendant. He was arrested on a traffic charge the third morning after the burglary. He was wearing a coat taken in the burglary. His initial explanation was he had purchased the coat at Sears. When confronted with the fact the garment bore a J. C. Penney label he then stated he had purchased it from a named individual. A police search failed to locate this person. Later defendant confessed burglarizing the cleaning shop and taking the property. He accompanied officers to his home where seven or eight of the stolen coats were recovered. At trial he repudiated this confession, testifying he had bought the garments from still another person, whose only residence at the time of trial was given as the Sedgwick county jail. Although supported by the testimony of the alleged coat salesman and by defendant's fiancee, the jury chose, as it was entitled to, to reject defendant's explanation. Defendant with two companions was shown to have been in the cleaning shop on the afternoon before the burglary inquiring about the cost of cleaning coats and whether any coats were for sale. He was also shown to have been previously convicted of burglary and larceny. The instruction complained of was appropriate and was not rendered inapplicable by the fact either that only nine of approximately thirty stolen garments were found in defendant's possession or that possibly someone else may also have participated with defendant in the burglary. No error appears in defendant's conviction.

The judgment is affirmed.

APPROVED BY THE COURT.