No. 46,822

STATE OF KANSAS, *Appellee*, v. JEFFERSON SINGLETON, *Appellant.*

(504 P. 2d 224)

Opinion filed December 9, 1972.

*John E. Pyles,* of Wichita, argued the cause and was on the brief for the appellant.

*Edward J. Hund, Jr.,* deputy county attorney, argued the cause, and *Vern Miller,* attorney general, and *Keith Sanborn,* county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Jefferson Singleton appeals from a conviction and sentence for aggravated robbery as defined in K. S. A. 1971 Supp. 21-3427. He was convicted by a jury and sentenced by the court to imprisonment for not less than 25 years nor more than life. The sentence was imposed after proof of prior felonies.

On appeal appellant questions the general sufficiency of the evidence to support a conviction and attacks the giving of an instruction on the unexplained possession of recently stolen property.

A recitation of the facts established in the evidence is necessary. Steen's IGA Foodstore in Wichita was robbed by three black male individuals at 2:15 a. m. on January 20, 1971. A store clerk testified that appellant was one of the three robbers. One of the robbers stuck a gun in the clerk's back and demanded the money in the cash register. The clerk complied and turned over seventy dollars in currency. The men left the store and the clerk activated a burglary alarm which immediately alerted the police. A policeman,

while en route to the store in answer to the alarm, intercepted a large black car which ran a stop sign and passed in front of him at a high rate of speed six blocks from the scene of the robbery. The car was driven by the appellant. During the high speed chase which followed an object was thrown from appellant's vehicle at a point where a pistol was later found. During the chase several patrol cars began converging on the general area and a police helicopter was called in with a spotlight to follow the chase and to illuminate the area. Appellant finally stopped his vehicle. He and one other individual left the vehicle and fled on foot. Some of the officers who had arrived on the scene followed the fleeing individuals while other officers arrested a man and a woman in the getaway car. The woman was identified as having entered the store to purchase cigarettes shortly before the robbery occurred.

The appellant and the other individual who fled on foot were apprehended. When caught the appellant threw his hands upward releasing currency which scattered on the ground. The currency was retrieved. It was in small bills totaling seventy dollars, the exact amount taken in the robbery.

It is difficult to determine the precise nature of appellant's complaint on the sufficiency of the evidence. The error claimed is— "Erroneous eyewitness testimony causing a wrongful conviction."

Appellant was permitted to conduct lengthy cross-examinations of the witnesses which examinations should have indicated to the jury any flaws in their testimony. The testimony of eyewitnesses, who have had a reasonable opportunity to discern the facts of a crime and to learn the identity of the person committing the crime, is clearly relevant testimony. The weight to be given such testimony and the credibility to be accorded eyewitnesses rest within the province of the jury and not the trial or appellate courts. A verdict supported by substantial relevant evidence will not be disturbed by this court on the grounds of insufficiency of the evidence. (*State v. Townsend,* 201 Kan. 122, 439 P. 2d 70; *State v. Wade,* 203 Kan. 811, 457 P. 2d 158.)

The final point of error raised by the appellant relates to the following instruction given to the jury:

"The unexplained possession of recently stolen property, when taken in connection with other criminating circumstances, may raise a presumption sufficient to warrant conviction of robbery. But the mere possession of recently stolen property, without any other facts indicative of guilt, is not prima facie evidence that the possessor is guilty of robbery.

"However, such possession, to warrant a conviction by reason thereof, must have been so soon after the time of the commission of the robbery as to render it morally certain that such possession could not have changed hands since the commission of such robbery.

"The question of whether the defendant had possession of recently stolen property, and whether the property was stolen by the defendant are also questions for the Jury to determine from all the evidence admitted in the trial."

Although a good argument may be made under the facts of this case that this instruction on the unexplained possession of recently stolen property was not helpful to the jury and should not have been given, the real question is whether such an instruction when given constitutes prejudicial error. The property stolen was established to be seventy dollars in currency or bills. The accused was intercepted in flight six blocks from the scene of the robbery. After a high speed chase the accused was apprehended and at the time of his apprehension he was seen throwing seventy dollars in currency or bills into the air, in what may be inferred as an effort to rid himself of evidence which might tend to incriminate him. In view of the direct evidence of appellant's participation in the crime and his attempt to dispose of the currency, his unexplained possession of the recently stolen property was a circumstance which, by reason of the inference arising therefrom, might support the conviction. The court in the instruction clearly pointed out that mere possession of the property, without other facts indicative of guilt, was not sufficient to support a conviction of robbery. No satisfactory explanation of the possession was attempted to be given by the appellant. The inference arising from the possession together with the evidence of the accused's participation in the aggravated robbery was sufficient to support the verdict of guilty. This is the general thrust of the instruction as given.

In *State v. Henry*, 24 Kan. 457, it was held that an instruction on the unexplained possession of recently stolen currency was proper in a larceny case where the currency was sufficiently identified by the owner as to its nature and amount. There can be little question under the facts of the present case that the seventy dollars in currency which appellant attempted to dispose of when apprehended was the seventy dollars in currency taken from the store a short time before.

It has long been the rule in this state that possession of property recently stolen in a larceny case is sufficient to sustain a conviction of larceny when no explanation of such possession is given. An

instruction similar in nature is not erroneous in a burglary case if other evidence has been introduced to establish the burglary and identify the property taken. The inference which may be found from the unexplained possession of the recently stolen property may sufficiently identify the possessor and tie him to the crime which has otherwise been established. (*State v. Brown,* 203 Kan. 884, 457 P. 2d 130; *State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221.)

In 2 Wharton's Criminal Law and Procedure, § 411, p. 31-33, it is said:

"While the possession of recently stolen goods gives rise to an inference that the possessor has stolen the goods, it is not ordinarily proof or prima facie evidence of burglary. There should be some evidence of guilty conduct besides the bare possession of the stolen property, before the presumption of burglary is superadded to that of the larceny. However, such possession is evidence which may be considered with all the other circumstances of the case as bearing on the question whether the defendant committed the burglary, and there is authority that if the possession is unexplained it may support the conclusion of guilt of burglary. Moreover, when goods have been feloniously taken by means of a burglary, and they are immediately or soon after found in the actual and exclusive possession of a person who gives a false account, or refuses to give any account, of the manner in which the goods came into his possession, proof of such possession and guilty conduct may sustain the inference not only that he stole the goods, but that he made use of the means by which access to them was obtained.

See also 1 Wharton's Criminal Evidence (12th Ed.) § 135, pp. 254-259 and 3 Underhill's Criminal Evidence (5th Ed.) § 701, p. 1651.

The foregoing authorities approve the practice and relate to both robbery and burglary cases. We have been unable to find any case in Kansas where the unexplained possession of recently stolen property instruction has been either approved or disapproved in a robbery case. No case has been cited by either party to support such an instruction in a case of aggravated robbery. However, there is no dearth of authority in other states to support such an instruction in robbery cases. See *Cruz v. People,* 147 Colo. 528, 364 P. 2d 561; *The People v. Powloski,* 311 Ill. 284, 142 N. E. 551; and *Coleman v. The State,* 211 Ga. 704, 88 S. E. 2d 381.

Where the facts of an aggravated robbery have been otherwise placed in evidence the giving of an instruction on the inference to be drawn from the defendant's unexplained possession of recently stolen property taken in such robbery is not erroneous. Such an instruction if given must include, however, some statement to indicate the aggravated robbery must be established to the satisfaction

of the jury by other evidence and the possession of the property must be so soon after the time of the commission of the robbery as to render it morally certain that the stolen property could not have changed hands after the commission of the robbery.

The questioned instruction did advise that defendant's possession of the property must have been so soon after the time of the commission of the robbery as to render it morally certain that the property could not have changed hands after the commission of the robbery. As written the instruction presupposes the commission of the robbery and, when read in conjunction with the instruction requiring proof of the robbery beyond a reasonable doubt, it is reasonably clear what was meant by "other criminating circumstances" and "other facts indicative of guilt."

Where as here there was direct evidence of appellant's participation in the crime, his flight and immediate apprehension it may be doubtful whether the questioned instruction was helpful to the jury. However, the inference arising from the possession was limited by the trial court as to purpose and effect, and the giving of the instruction in the form used although not approved by this court does not constitute prejudicial error.

Appellant also contends the effect of the instruction was to shift the burden of proof to him. Such a contention was recently examined and rejected in *State v. Kowalec,* supra, and in *State v. Hardyway,* 205 Kan. 55, 468 P. 2d 116. We adhere to what was said in those cases.

The judgment of conviction and sentence is affirmed.