No. 47,342

State of Kansas, *Appellee,* v. Carl S. Atkinson, *Appellant.*

(523 P. 2d 737)

Opinion filed June 15, 1974.

*John E. Pyles,* of Wichita, argued the cause and was on the brief for the appellant.

*Clifford L. Bertholf,* Assistant District Attorney, argued the cause, and *Vern Miller,* Attorney General, *Keith Sanborn,* District Attorney, and *Jim Rumsey,* Assistant District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Carl S. Atkinson, appeals from convictions of four counts of burglary (K. S. A. 1973 Supp. 21-3715), one count of aggravated burglary (K. S. A. 1973 Supp. 21-3716); one count of theft (K. S. A. 1973 Supp. 21-3701 [a]); one count of possession of a firearm in violation of K. S. A. 1973 Supp. 21-4202; and one count of possessing an article (a check protector) capable of being used in counterfeiting in violation of K. S. A. 1973 Supp. 21-3714. The charges lodged against defendant were based upon a series of illegal entries into several commercial and residential buildings in Wichita and the removal of property therefrom. The illegal entries or burglaries occurred during a period of time extending from October 9, 1972, through November 20, 1972. Included in the items taken were quantities of printed blank checks of the establishments burglarized, a billfold with identification cards, a quantity of bottled liquor, an electric typewriter, and a check protector.

The last of the series of burglaries occurred during the evening of November 20, 1972, when the Seneca Square Pancake House was illegally entered. Among the items taken were a box of blank checks and a check protector. Later the same evening defendant was arrested for driving his automobile through a red light. There were two passengers in the rear seat at the time. After being stopped defendant got out of his automobile and approached the police car. Upon inquiry the arresting officer learned defendant's driver's license was suspended and thereupon defendant was arrested. A pat down search of defendant revealed drug paraphernalia. While questioning defendant, the arresting officer saw a syringe on the floorboard of defendant's automobile beneath the steering wheel. At this point, the arresting officer radioed for vice detectives who soon appeared on the scene. One of the passengers in defendant's automobile got into the driver's seat and was observed pushing something in under the seat. Defendant's automobile was then searched and many items which had been described as taken in the series of burglaries were found in the trunk, including a .38 calibre

firearms. Three .38 calibre bullets were found in the glove compartment.

Defendant was charged as previously outlined, tried to a jury, and convicted on all counts.

Defendant specifies numerous points of error on appeal; the first group of which are directed at the instructions given. In this regard defendant first claims error in the instructions given concerning possession of a forgery device. Defendant argues the state did not prove he intended to use the check protector to perpetrate a forgery and under the instructions given he says: "The Jury was able to build an inference on an inference." We find no merit in defendant's arguments. The trial court submitted two instructions pertaining to the charge of possession of a forgery device. The first was instruction No. 9 which was submitted essentially in the form and substance of PIK [Criminal] 59.16. The instruction correctly sets out the elements of the offense enumerated in the statute K. S. A. 1973 Supp. 21-3714. The other instruction given on the point was instruction No. 14A which reads:

> "The defendant in this case is charged with the crime of possession of forgery devices.
> "Possession of forgery devices is the possessioning (*sic*) with knowledge of its character and with intent to use or aid or permit another to use for the purposes of forgery, any device, apparatus, equipment or article capable of or adaptable for use in counterfeiting, simulating or otherwise forging written instruments."

This instruction focuses the jury's attention on the necessity of knowledge of the character of the instrument and its adaptability for use in counterfeiting on the part of defendant and that his possession must be coupled with an intent to use the instrument for purposes of forgery. A check protector can be used in the forgery of a check. There was evidence here that blank checks had been taken in three of the burglaries, indicating a scheme to forge and pass checks. There was evidence the check protector had already been used to imprint one of the stolen blank checks. There is ample evidence to support the giving of the two instructions in question and they fully conform with 21-3714.

Defendant next complains concerning instruction No. 12 pertaining to evidence of the commission of similar prior offenses. Defendant makes no specific objection to the form or language of this instruction, but merely complains that evidence of prior offenses constitutes browbeating of the defendant by the prosecution. Defendant's brief argument on this point seems to be directed at the

admission of the evidence of prior offenses rather than to the substance of the instruction given. However, the evidence of prior offenses is not included in the record nor are we informed as to the nature thereof, thus we are unable to consider the propriety of its admission. The instruction given included language properly limiting the jury's consideration to proof of elements enumerated in K. S. A. 60-455, but we note the instruction included all of the elements. As previously pointed out, on the record before us, we are unable to ascertain whether the evidence of the previous convictions is relevant as tending to prove all of the elements mentioned in the statute with respect to any of the offenses charged and in this connection we again direct attention to the caveat announced in *State v. Jenkins,* 203 Kan. 354, 454 P. 2d 496, as follows:

"It is not good practice to instruct in the language of the statute unless it is clear that evidence of the previous crime is relevant to prove all of the elements mentioned. If the evidence of a previous crime is not relevant to prove all of the elements mentioned in the statute such elements should be omitted from the instruction." (p. 356.)

With respect to the firearm charge evidence of a prior conviction is, of course, not only a material fact but an element of the offense. Attention is directed to the indepth discussion of the application of 60-455 appearing in *State v. Bly,* 215 Kan. 168, 523 P. 2d 397.

Defendant's next complaint concerning instructions is directed at the trial court's instruction on circumstantial evidence. The instruction given consisted of the first paragraph of PIK [Criminal] 52.16; the second paragraph of 52.16 directing that a defendant cannot be found guilty unless the facts proved exclude every reasonable theory of innocence was omitted and defendant claims error in this regard. Defendant's contention on this point is decisively laid to rest by our decision in *State v. Wilkins,* 215 Kan. _____, _____ P. 2d _____, this day decided, wherein the identical point was at issue. In *Wilkins,* we overruled prior decisions requiring a special instruction and held any instruction on circumstantial evidence to be unnecessary in any case wherein a proper instruction on reasonable doubt is given. In the case at bar no question is raised concerning the instruction on reasonable doubt.

Defendant next attacks the court's instruction on possession of recently stolen property. In his argument on this point defendant cites *State v. Singleton,* 210 Kan. 815, 504 P. 2d 224, in which an instruction was given similar in substance to that in the instant

case. The first sentence of the instruction given in the *Singleton* case reads:

"'The uexplained possession of recently stolen property, when taken in connection with other criminating circumstances, *may* raise a presumption sufficient to warrant conviction of robbery. . . .'" (p. 816) (Emphasis supplied.)

In the instruction given in the instant case the word *may* is omitted. Defendant argues the instruction, as given herein, tells the jury that mere possession alone affirmatively raises a presumption of guilt. The point raised is without merit. The instruction given qualifies the raising of a presumption by setting forth the conditions that the possession must have been "shortly after a burglary had been committed" and, further, that the possession must have been unexplained. In other words, under the instruction given, possession of stolen property gives rise to a presumption only if the possession is shortly after the taking and is unexplained. The instruction substantially reflects the law on the point as expressed by this court for many years. (See *State v. Brown,* 203 Kan. 884, 457 P. 2d 130, and cases cited therein.) The only issue in the *Singleton* case concerning the instruction was whether it should have been given under the facts of the case—there was no question concerning the substance of the instruction. In the case at bar the check protector and printed checks were found in the possession of defendant on the same day in which they were stolen from the Seneca Square Pancake House. All of the items found in the trunk of defendant's automobile had been stolen within a period of six weeks prior to defendant's arrest. If the possession is recent and is unexplained or if the explanation is not satisfactory it will support a conviction of burglary and larceny. (*State v. Hardyway,* 205 Kan. 55, 468 P. 2d 116; *State v. Brown,* supra; and *State v. Walker,* 202 Kan. 475, 449 P. 2d 515.)

Defendant next questions the legality of the search and seizure of evidence in his automobile following his arrest. Defendant says the officers did not have probable cause to conduct a search for contraband. The record reads to the contrary. A pat down search of defendant disclosed drug paraphernalia, and a syringe was seen on the floor of the automobile. Next, one of the passengers was seen to move to the driver's seat and to attempt to push something under the seat in a furtive manner. Under these circumstances there was probable cause to conduct the search. The same knowledge providing probable cause for an arrest may also furnish

probable cause for a search. Search of an automobile under similar circumstances was involved in *State v. Frizzell,* 207 Kan. 393, 485 P. 2d 160, wherein we held:

"There is probable cause to search when there exists facts and circumstances sufficient to warrant a reasonable prudent man to believe that an automobile contains contraband or items which offend against the law." (Syl. ¶ 3.)

See, also, *Chambers v. Maroney,* 399 U. S. 42, 26 L. Ed. 2d 419, 90 S. Ct. 1975, reh. den. 400 U. S. 856, 27 L. Ed. 2d 94, 91 S. Ct. 23; *State v. McCollum,* 211 Kan. 631, 507 P. 2d 196; and *State v. Undorf,* 210 Kan. 1, 499 P. 2d 1105. It is also worthy to note that one of the passengers had taken the driver's seat and could have driven the automobile away. On this point we said in *State v. McCollum,* supra:

"The ability of an automobile to be moved to an unknown location or beyond the jurisdictional reach of the officer makes resort to a search warrant impractical in some cases. In such cases, if an officer has reasonable cause to believe the conveyance contains contraband or items which offend against the law, the officer may conduct a reasonable warrantless search of the vehicle. (citing cases)" (p. 641.)

Defendant next contends the evidence was insufficient to support a finding that he was in possession of the .38 calibre Iver Johnson revolver which was found in the trunk of defendant's automobile inside a toolbox with checks stolen from the Shocker Club. Three .38 calibre bullets were found in the glove compartment. Possession of a firearm within the contemplation of the statute is the exercise of dominion thereover or the right and authority to possession, control and manage its use and disposition. (*State v. Porter,* 201 Kan. 778, 443 P. 2d 360, cert. den. 393 U. S. 1108, 21 L. Ed. 2d 805, 89 S. Ct. 919.) The circumstances shown by the evidence were sufficient to submit the question to the jury and its finding will not be disturbed on appeal. (*State v. Phinis,* 199 Kan. 472, 430 P. 2d 251.)

Other points raised by defendant have been examined and found to be without merit. The record discloses ample substantial competent evidence to support the jury's verdict on all charges and we find no prejudicial error shown.

The judgment is affirmed.