No. 47,605

STATE OF KANSAS, *Appellee,* v. JOSEPH BLASSINGILL, *Appellant.*

(533 P. 2d 1228)

Opinion filed April 5, 1975.

*Charles E. Orcutt,* of Hutchinson, was on the brief for the appellant.

*Porter K. Brown,* county attorney, and *Curt T. Schneider,* attorney general, were on the brief for the appellee.

*Per Curiam*: This is a direct appeal from the judgment and sentence in a criminal action in which Joseph Blassingill (defendant-appellant) was tried for burglary (K. S. A. 21-3715 [Weeks]) and felony theft (K. S. A. 21-3701 [Weeks]). The jury found the appellant guilty of felony theft, but acquitted him on the burglary charge.

The evidence established that a burglary of an apartment and the theft therefrom of a television set occurred on October 20, 1972. The appellant lived in the apartment house at that time. On October 28, 1972, the appellant sold the television set to the owner of a tavern. The appellant testified that he bought the television set from an unidentified man, driving a blue Cadillac, who came to his door and asked if he wanted to buy a television set.

The instructions included one on the possession of recently stolen property. No objections were made concerning the instruction before the jury retired. During its deliberations, the jury made inquiry of the court as to whether it would be bound to find the appellant guilty of burglary if it found the defendant guilty of theft. The court, with the approval of appellant's attorney and the prosecutor, advised the jury that it had four choices under the instructions, i. e., the appellant might be found guilty of burglary and theft, burglary only, theft only, or not guilty, and it could make any one of those choices.

The appellant in his motion for a new trial and on appeal complains that the jury was improperly instructed on unexplained possession of recently stolen property. The appellant's second point, which is raised for the first time on appeal, is that the verdict of guilty on the theft charge and not guilty on the burglary charge

were inconsistent and that by reason of his acquittal on the burglary charge he should be acquitted on the theft charge.

Ordinarily this court will consider only the objections to instructions made before the jury retires to consider its verdict. (*State v. Darling,* 208 Kan. 469, 493 P. 2d 216; and *State v. Morris,* 208 Kan. 464, 493 P. 2d 274.) However, we have examined the instructions complained of and find that it substantially reflects the law on the point as expressed by this court for many years. (*State v. Wilkins,* 215 Kan. 145, 523 P. 2d 728; *State v. Atkinson,* 215 Kan. 139, 523 P. 2d 737; and *State v. Brown,* 203 Kan. 884, 457 P. 2d 130.)

Neither do we find any merit in the appellant's contention that by reason of his acquittal on the burglary charge he should be acquitted on the theft charge. This court has consistently held that where a defendant is charged with two offenses which are independent, separate and distinct he may be convicted of one charge notwithstanding an acquittal as to the other. (*State v. Ogden,* 210 Kan. 510, 502 P. 2d 654; and *State v. Finley,* 208 Kan. 49, 490 P. 2d 630.)

The judgment of the lower court is affirmed.

FROMME, J., not participating.