No. 48,788

STATE OF KANSAS, *Appellee,* v. JAMES EDWIN CRAWFORD, *Appellant.*

(573 P 2d 982)

Opinion filed November 5, 1977.

*Frederick B. Farmer,* of Olathe, argued the cause and was on the brief for the appellant.

*G. Joseph Pierron,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for the appellee.

*Per Curiam:* This is a direct appeal by James Edwin Crawford, who was convicted by a jury of rape, aggravated sodomy, aggravated robbery, and theft of a motor vehicle valued at more than $50. Because defendant had prior convictions of rape and burglary (both within a few months of the date of the offenses here involved), sentences of not less than thirty years nor more than life, together with several other concurrent sentences, were imposed.

Crawford was positively identified by the victim and by a bus driver who saw him at the scene. Shortly after the offenses took place, Crawford was apprehended at the end of a high-speed chase when he wrecked the victim's automobile and was pinned inside. The victim, who was not previously acquainted with the defendant, gave detailed testimony as to each offense. In addition, the state presented extensive corroborating and circumstantial evidence. The defendant did not testify in his own behalf, and the two witnesses called in his behalf did not present evidence which raised substantial fact questions.

Defendant contends that (1) the verdict was not supported by sufficient or substantial evidence; (2) the trial court erred in receiving into evidence state's exhibit No. 15; (3) the trial court erred in refusing to instruct on the lesser offenses of lewd and lascivious behavior; (4) the trial court erred in refusing to instruct

on the lesser included offenses of attempted aggravated robbery and attempted robbery; (5) the trial court erred in giving the jury an instruction on possession of recently stolen property; (6) the reference by the prosecutor to matters not in evidence, during closing argument, constituted reversible error; (7) a television interview of the district attorney was prejudicial; (8) a new trial should have been granted because of the trial errors enumerated above; and (9) the habitual criminal act was inapplicable because defendant had not previously been convicted of felonies, the punishment for which was confinement in the custody of the director of penal institutions. The record convinces us that none of the points raised has merit.

Judged by the applicable standards on appellate review, the evidence was sufficient to support each conviction. *State v. Johnson,* 222 Kan. 465, 565 P.2d 993; *State v. Ames,* 222 Kan. 88, 563 P.2d 1034; and *State v. Childers,* 222 Kan. 32, 563 P.2d 999.

Exhibit No. 15, a "rape kit" consisting of specimens taken by a physician at St. Luke's hospital, is attacked because the prosecution was unable to locate the nurse who carried the exhibit from the examination room to a waiting messenger in the hallway outside. The possibility that the exhibit was tampered with during this brief interval is remote. The trial court quite properly admitted the exhibit into evidence. Any deficiency in the chain of custody went to the exhibit's weight rather than its admissibility. *State v. Watkins,* 219 Kan. 81, 89, 547 P.2d 810.

Lewd and lascivious behavior, K.S.A. 21-3508 (1) (*b*), is neither a lesser degree of aggravated sodomy, K.S.A. 21-3506, nor is it a crime necessarily proved if aggravated sodomy is proved. The elements of the former are separate and distinct. The state made no attempt to prove, nor did the evidence establish, that the defendant was merely a "flasher." Likewise, there was no evidence that defendant merely attempted aggravated robbery. The trial court properly refused the requested instructions.

The instruction on the inference to be drawn from the defendant's possession of recently stolen property, while no longer favored (see comment in PIK, Criminal § 59.01), was not prejudicial under the facts of this case, and was not error. *State v. Singleton,* 210 Kan. 815, 504 P.2d 224, cert. den. 413 U.S. 920, 37 L.Ed.2d 1042, 93 S.Ct. 3071; *State v. Atkinson,* 215 Kan. 139, 523 P.2d 737.

The reference by the prosecutor to a matter not in evidence was promptly dealt with by the trial court. The jury was immediately directed to disregard it, and no further reference was made to it. We conclude that any possible prejudice which might have arisen was cured by the trial court's prompt admonition. *State v. King,* 219 Kan. 508, 513, 548 P.2d 803.

The interview granted by the district attorney was not televised until long after the trial, and could not possibly have resulted in prejudice to this defendant. The fact that the jury deliberated until eight o'clock in the evening before reaching its verdict is not inherently prejudicial, and defendant has failed to demonstrate any prejudice in this regard.

The trial errors alleged are not sufficient, taken together, to demonstrate prejudice or to require a new trial.

The habitual criminal statute, K.S.A. 21-4504, refers to prior convictions of felonies, the punishment for which is confinement in the custody of the *director of penal institutions.* The functions of the director were transferred to and imposed upon the secretary of corrections by Laws of Kansas, 1973, Ch. 339, § 24, now K.S.A. 1976 Supp. 75-5213, effective July 1, 1974. That act also provided in substance that wherever there is a reference in any statute to the director of penal institutions, such reference shall be deemed to apply to the secretary of corrections. Defendant was previously twice convicted of felonies punishable by confinement in the custody of the secretary of corrections. K.S.A. 21-4504 was therefore applicable, and was properly invoked.

The judgment is affirmed.