NOT DESIGNATED FOR PUBLICATION

Nos. 118,438
118,440

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JACOB L. COX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 21, 2018. Affirmed in part and reversed in part.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., ATCHESON and GARDNER, JJ.

PER CURIAM: Jacob L. Cox appeals from a jury verdict finding him guilty of two counts of theft, two counts of fleeing and eluding, and one count of interference with law enforcement. Cox appeals, raising claims of insufficient evidence and instructional error. We agree that insufficient evidence shows that Cox knowingly possessed property stolen by another as required for his conviction of one count of theft. We thus reverse that conviction but we affirm all others.

1

*Factual and procedural background*

Security footage from Wheatland Elementary School in Sedgwick County shows a white car pull into the school's parking lot on September 7, 2016. It shows the driver getting out of his car, entering two parked cars, then returning to his car and driving away. It does not, however, permit a clear identification of the car or the driver.

Angela John's car was broken into and various items were taken from her glove box. Ashley Ducommun's truck was also broken into—a bag and various other items were taken.

On September 15, 2016, Detective Chad Graham of the Sedgwick County Sheriff's Office drove to Cox's home to execute a felony warrant for Cox. Deputy Scott Louthan parked nearby as backup. Graham saw Cox get in a white car and drive away. Graham radioed for Louthan to stop the car. Louthan turned on his emergency lights and sirens in his marked patrol car and attempted a traffic stop of Cox's car but when Cox refused to pull over a high speed pursuit ensued.

Cox committed multiple traffic violations as Louthan and other officers tried to pull him over. Cox drove around 84 mph in a 55 mph zone, ran a stop sign, and narrowly missed hitting another car. Cox continued to ignore stop signs and other traffic rules as he reached speeds of over 108 mph. At one point, Cox entered a residential area and slowed to 70 mph, albeit in a 30 mph zone. Finally, Louthan decided to end the pursuit due to safety reasons—it was 3:45pm and he knew children would be leaving school.

After the pursuit ended, the police went to Cox's parents' home. Because they noticed fresh tire marks on the ground they believed Cox was in the home or the barn. Cox's father consented to let police search his home for Cox and the police eventually found Cox hiding in the basement.

The State charged Cox in two separate cases with two counts of burglary, four counts of theft, two counts of fleeing and eluding, and one count of felony interference with law enforcement. The two cases were consolidated for trial and the State dismissed one of the theft counts. Ultimately, the jury found Cox guilty of two counts of theft, two counts of fleeing and eluding, and one count of interference with law enforcement. It acquitted Cox of the burglary charges and one count of theft. The district court later dismissed one of Cox's fleeing and eluding charges and sentenced Cox to a controlling sentence of 30 months in prison. Cox timely appeals.

*Does sufficient evidence show Cox knowingly possessed property stolen by another?*

We first address Cox's argument that insufficient evidence shows that he knowingly possessed property stolen by another as required under K.S.A. 2016 Supp. 21-5801(a)(4), as charged in Count 5. This conviction relates to the theft of property belonging to Darrel Venning including seven $50 savings bonds recovered from Cox's possession.

Our standard of review for this issue is whether, "'after reviewing all the evidence in a light most favorable to the prosecution, the appellate court is convinced a rational factfinder could have found the defendant guilty beyond a reasonable doubt. Appellate courts do not reweigh evidence, resolve evidentiary conflicts, or make witness credibility determinations.' [Citation omitted.]" *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018).

The State argues that circumstantial evidence supports this conviction, correctly noting that a conviction of even the gravest offense can be based entirely on circumstantial evidence and inferences reasonably deducible from that evidence. As long as the inference is a reasonable one, the jury has the right to make the inference. S*tate v. Logsdon*, 304 Kan. 3, 25, 371 P.3d 836 (2016). Still, the circumstances used to infer guilt

3

must be proved and cannot be inferred or presumed from other circumstances. *State v. Richardson*, 289 Kan. 118, 127, 209 P.3d 696 (2009). In other words, "[p]resumption and inferences may be drawn only from facts established, and presumption may not rest on presumption or inference on inference." *State v. Doyle*, 201 Kan. 469, 488, 441 P.2d 846 (1968).

The State charged Cox with theft of Venning's property under K.S.A. 2016 Supp. 21-5801(a)(4):

> "(a) Theft is any of the following acts done with intent to permanently deprive the owner of the possession, use or benefit of the owner's property or services:
>
> . . . .
>
> (4) obtaining control over stolen property or services knowing the property or services to have been stolen by another."

Thus to prove theft as charged, the State had to show, among other elements, that Cox knew the savings bonds in his possession had been stolen by someone other than himself.

We agree that circumstantial evidence, such as Cox's flight from the officers, his hiding in the basement, and the sheer number of backpacks found in his car, supports a reasonable inference that Cox knew Venning's property had been stolen. But no facts tend to show that another person had stolen Venning's property and that Cox knew that. See *State v. Vorrice*, No. 107,468, 2013 WL 2395860, at *5 (Kan. App. 2013) (unpublished opinion) (finding the State failed to present evidence that someone other than the defendant stole the property at issue). The more likely inference from the facts is that Cox had stolen the savings bonds himself. See *State v. Bell*, 109 Kan. 767, 769-71, 201 P. 1110 (1921) (possession of recently stolen property tends to show the possessor stole the property). The State fails to show evidence that another person participated in the theft and Cox's guilty knowledge of that fact.

4

Because the State failed to present evidence from which the jury could reasonably have found that Cox knew the savings bonds had been stolen by another, we must reverse Cox's conviction of felony theft in Count 5.

*Did the trial court err in failing to include an instruction for the lesser included offense of misdemeanor fleeing and eluding?*

We next address Cox's argument that the trial court erred by failing to instruct the jury on misdemeanor fleeing and eluding as a lesser included offense of felony fleeing and eluding.

Cox concedes that he failed to object or request a lesser included instruction. As a result, we apply a clearly erroneous standard of review. See K.S.A. 2017 Supp. 22-3414(3) ("No party may assign as error the giving or failure to give an instruction, including a lesser included crime instruction, unless the party objects thereto before the jury retires to consider its verdict . . . unless the instruction or the failure to give an instruction is clearly erroneous."); *State v. Pfannestiel*, 302 Kan. 747, 752, 357 P.3d 877 (2015). Thus we will reverse the district court only if an instruction error occurred and we are firmly convinced that the jury would have reached a different verdict if the error had not occurred. Cox, as the party claiming clear error, has the burden to demonstrate the necessary prejudice. See *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018).

In reviewing for clear error, we first decide whether the instruction was legally and factually appropriate based on a review of the entire record. See *State v. Charles*, 304 Kan. 158, 165, 372 P.3d 1109 (2016). "[A]n instruction must always fairly and accurately state the applicable law." *State v. Plummer*, 295 Kan. 156, 161, 283 P.3d 202 (2012).

The first requirement is easily met here, as an instruction regarding a lesser included offense is legally appropriate when the lesser crime is an included offense of the

5

charged crime. *Plummer*, 295 Kan. at 161. Because all of the elements of misdemeanor fleeing and eluding are included within felony fleeing and eluding and because it is a lesser degree of the same crime, misdemeanor fleeing and eluding is a lesser included offense of felony fleeing and eluding. See K.S.A. 2017 Supp. 8-1568(a)-(b); K.S.A. 2017 Supp. 21-5109(b). An instruction regarding misdemeanor fleeing and eluding would thus have been legally appropriate.

We next determine whether the instruction would have been factually appropriate under K.S.A. 2017 Supp. 22-3414(3). See *State v. Molina*, 299 Kan. 651, 661, 325 P.3d 1142 (2014). When evaluating whether a lesser included instruction is factually appropriate, we ask "[i]f, after a review of all the evidence viewed in the light most favorable to the [requesting party], we are convinced that a rational factfinder could have found the defendant guilty of the lesser crime." *State v. Fisher*, 304 Kan. 242, 258, 373 P.3d 781 (2016).

Cox argues that a fact-finder could have found him guilty of misdemeanor fleeing and eluding because officers testified that Cox failed to stop in response to visual and audible signals to pull over. See K.S.A. 2016 Supp. 8-1568(a) (stating a driver is guilty of misdemeanor fleeing and eluding if the driver is given a visual or audible signal to stop but the driver "willfully fails or refuses to . . . stop for a pursuing police car . . . or otherwise flees or attempts to elude a pursuing police car"). But we must review all the evidence, not just this isolated bit of it.

Cox was charged with and found guilty of felony fleeing and eluding under K.S.A. 2016 Supp. 8-1568(b)(1)(C),(c)(2). Under this statute, a person is guilty of felony fleeing and eluding if in addition to the above-listed misdemeanor elements, he also commits any of the following during a police pursuit:

6

"[1](A) Fails to stop for a police road block; (B) drives around tire deflating devices placed by a police officer; (C) engages in reckless driving as defined by K.S.A. 8-1566, and amendments thereto; (D) is involved in any motor car accident or intentionally causes damage to property; or (E) commits five or more moving violations; or

"(2) is attempting to elude capture for the commission of any felony." K.S.A. 2016 Supp. 8-1568(b).

The evidence, viewed in the light most favorable to Cox, shows he committed five or more moving violations and was attempting to elude capture for the commission of a felony. Cox drove recklessly and committed 18 moving violations. Cox sped while in a 20 mph zone. He reached 84 mph in a 55 mph zone, 102 mph in a 45 mph zone, 70 mph in a 30 mph zone, and more than 108 mph as Louthan attempted to gain on him. Cox ran a stop light and several stop signs, sped into oncoming traffic, and narrowly missed colliding with another car. Louthan ended the chase for the express purpose of mitigating the risk of harm to the public, as Cox was speeding in town around the time school children were being released for the day, stating: "[T]he risk to the community would have been a lot more serious if, God forbid, someone, some kid got run over or someone got plowed into. So . . . I decided to end the pursuit." This evidence seems to show Cox engaged in reckless driving.

Cox contends that he did not drive recklessly because his acts were not willful or wanton, as the statute requires. See K.S.A. 2016 Supp. 8-1566 (stating a person drives recklessly when driving a car "in willful or wanton disregard for the safety of persons or property"). Similarly, Cox contends that he did not "consciously disregard a substantial and unjustifiable risk that circumstances exist or that a result will follow [which] constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." K.S.A. 2016 Supp. 21-5202(j) (defining when a person acts recklessly). But as factual support for his argument, Cox merely contends generally that traffic violations such as speeding, failing to come to a complete stop, or to signal turns do not "inevitably" meet the definition of reckless driving. The facts detailed above,

7

however, of the manner in which Cox drove are more than sufficient to warrant a finding of reckless driving under the relevant statutes. After reviewing all the evidence in the light most favorable to Cox, we are not convinced that a rational fact-finder could have found the defendant guilty of misdemeanor fleeing and eluding. Accordingly, an instruction for misdemeanor fleeing and eluding was not factually appropriate.

But even had the instruction been both legally and factually appropriate, the district court's failure to give it was not clearly erroneous. The burden is on the defendant to show that "'the failure was clearly erroneous, *i.e.*, the defendant must firmly convince the appellate court that the giving of the instruction would have made a difference in the verdict.' [Citation omitted.]" *State v. Cooper*, 303 Kan. 764, 770, 366 P.3d 232 (2016).

Cox argues that a "real possibility" existed in which "a juror could have formed a reasonable doubt that Mr. Cox engaged in reckless driving" because "the officers did not testify with specificity to the willful or wanton disregard for the safety of persons or property." That argument fails to meet Cox' burden, detailed above. Considering the evidence presented at trial, we do not believe that giving the instruction would have made a difference in the verdict so we find no clear error.

*Did the trial court err in failing to include an instruction for the lesser included offense of misdemeanor theft?*

Next, Cox argues that the trial court committed reversible error by failing to include an instruction for misdemeanor theft as a lesser included offense of felony theft. Cox concedes that he failed to object or request a lesser included instruction. We thus review this issue for clear error.

Under K.S.A. 2017 Supp. 22-3414(3), a district court must instruct the jury on a lesser included offense where some evidence would reasonably justify a conviction of the

8

lesser offense. Misdemeanor theft under K.S.A. 2016 Supp. 21-5801 consists of the same elements as felony theft, differing primarily as to the value of the property stolen. Thus, misdemeanor theft is a legally appropriate lesser included offense of felony theft. See *State v. Reid*, 286 Kan. 494, 522-23, 186 P.3d 713 (2008); *State v. Simmons*, 282 Kan. 728, 742-43, 148 P.3d 525 (2006).

*Theft of Ducommun's property*

Cox contends a misdemeanor theft instruction would have been factually appropriate as to Count 2, theft of Ducommun's property, because the State proved only the misdemeanor amount of property stolen. Count 2 charged Cox with felony theft under K.S.A. 2016 Supp. 21-5801(a)(1),(b)(6). Under the statute, a person is guilty of felony theft if the offender has been convicted of two or more convictions of felony theft within five years immediately before the commission of the new felony theft and the stolen property has a value of at least $50 but less than $1,500. Cox concedes that he had two or more felony theft convictions in that time period. Thus, to prove felony theft, the State had to show that the value of the stolen property was at least $50. Cox contends the State failed to do this so his conviction, if any, should have been for misdemeanor theft. See K.S.A. 2016 Supp. 21-5801(a)(1),(b)(4).

Ducommun testified that her checkbook, debit card, sunglasses, and children's social security and health insurance cards were stolen from her truck and were worth between $200-300. Although none of Ducommun's items but her debit card was recovered from Cox's possession, circumstantial evidence sufficiently shows that Cox had stolen all the items Ducommun said were taken from her truck. And Ducommun's testimony as to the value of all the items taken from her truck is sufficient. See *State v. Owens*, 248 Kan. 273, 284-85, 807 P.2d 101 (1991) (finding an owner is qualified to express an opinion as to the value of the items taken).

9

In contrast, no evidence would support a finding that the items stolen from Ducommun's truck were worth less than $50. Cox did not challenge Ducommun's testimony regarding the value of the items during the trial, nor did he present independent evidence about their value. Simply put, the misdemeanor theft instruction was not factually appropriate. It is not necessary to give the lesser included instruction where the value of the stolen goods is established to be over the felony limit and where there is no evidence of a value of less than the felony limit. See *State v. Robinson*, 4 Kan. App. 2d 428, 429, 608 P.2d 1014 (1980); *State v. Williams*, No. 114,245, 2017 WL 542876, at *5 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1331 (2017). That is the case here. As a result, an instruction for misdemeanor was not factually appropriate. The district court did not err in failing to give this unrequested instruction.

*Did the trial court err in failing to instruct the jury on how a stipulation regarding prior offenses should work?*

Cox next argues that the trial court erred in giving the following jury instruction: "The parties have stipulated and agreed that on or about September 15, 2016, there was a felony warrant for the defendant in effect and outstanding. You should consider that fact as [it] relates to this claimed offense as proved beyond a reasonable doubt." Cox asserts that the instruction was legally inappropriate because it failed to tell the jury how to apply the stipulation to the elements of the claimed offense—interference with law enforcement by obstructing legal process. Cox failed to raise this objection at trial so we review this claim for clear error. See *McLinn*, 307 Kan. at 318.

Cox was charged with interference with law enforcement by obstructing legal process. Before trial, the parties stipulated that law enforcement attempted to serve a valid felony arrest warrant. At trial the district court instructed the jury as follows:

10

"In Count 9, the defendant is charged with interference with law enforcement by obstructing legal process. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

"1. Deputy Henry Cocking was authorized by law to execute an arrest warrant for the defendant.

"2. The defendant knowingly opposed Deputy Cocking in the execution of that arrest warrant.

"3. At the time the defendant knew or should have known that Deputy Cocking was authorized by law to execute the arrest warrant.

"4. This act occurred on or about the 15th day of September, 2016, in Sedgwick County, Kansas.

"The parties have stipulated and agreed that on or about September 15, 2016, there was a felony arrest warrant for the defendant in effect and outstanding. You should consider that fact as relates to this claimed offense as proven beyond a reasonable doubt."

Cox argues that this instruction was legally inappropriate, as little evidence was presented to support a specific finding that he knew about an arrest warrant. Yet Cox agreed that officers "were trying to serve a felony warrant." His flight from the officers evidences his knowledge of that fact. See *State v. Phillips*, 295 Kan. 929, 947-48, 287 P.3d 245 (2012) (finding evidence of a defendant's flight is relevant to show both the commission of the acts charged and the intent and purpose for which those acts were committed).

Cox also suggests that the instruction misled the jurors because the instruction failed to explain exactly what elements the parties had stipulated to, which he contends was necessary so jurors could determine the applicability of that stipulation. But Cox does not specify how the jurors could have been misled, does not offer an alternative instruction that would have remedied the alleged problem, and does not show how giving a more specific instruction would have made a difference in the verdict, as is required to show clear error. See *Cooper*, 303 Kan. at 771.

11

We consider "'jury instructions as a whole, without focusing on any single instruction, in order to determine whether they properly and fairly state the applicable law or whether it is reasonable to conclude that they could have misled the jury.' [Citation omitted.]" *State v. Butler*, 307 Kan. 831, 843, 416 P.3d 116 (2018). The district court has no duty to instruct the jury on widely used words:

> "'While the district court has a duty to instruct the jury on the law that applies in a particular case, a district court does not have to provide the jury a definition for widely used words or those readily comprehensible by individuals of common intelligence.' *Bolze-Sann*, 302 Kan. at 210. Jurors are 'expected to decipher many difficult phrases without receiving specific definitions,' *State v. Robinson*, 261 Kan. 865, 877, 934 P.2d 38 (1997), and '[a] district court should only define additional terms if the instructions as a whole would otherwise mislead the jury or cause it to speculate,' *Bolze-Sann*, 302 Kan. at 210." *McLinn*, 307 Kan. at 341.

Nothing in the record suggests that this instruction misled the jury or required further explanation. We find no error in giving this instruction.

*Did cumulative error deprive Cox a fair trial?*

Lastly, Cox contends that cumulative error deprived him of a fair trial.

We have found but one error, but it is remedied by reversing that conviction. A single error cannot support reversal of the case under the cumulative error doctrine. *State v. Gonzalez*, 307 Kan. 575, 598, 412 P.3d 968 (2018); see *Butler*, 307 Kan. at 868. Such is the case here. We find no deprivation of a fair trial.

Affirmed in part and reversed in part.